COLUMBIA AIR SERVICES, INC. *v.* DEPARTMENT OF TRANSPORTATION ET AL.
(SC 18142)

Rogers, C. J., and Norcott, Katz, Palmer and Vertefeuille, Js.

---

Argued January 6—officially released September 8, 2009

*Ralph J. Monaco*, with whom were *Patrick J. Day* and *Nicholas W. Burlingham*, for the appellant (plaintiff).

*Paul K. Pernerewski*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellees (defendants).

*Opinion*

VERTEFEUILLE, J. This appeal arises from an action brought by the plaintiff, Columbia Air Services, Inc., against the defendants, the department of transportation (department)[1] and its commissioner, Stephen E. Korta II (commissioner), in connection with the proposed development of certain land located at the Groton-New London Airport (airport). The plaintiff appeals[2] from the judgment rendered in favor of the defendants after the trial court had granted the defendants' motion to dismiss all counts of the plaintiff's complaint. On appeal, the plaintiff asserts that the trial court improperly granted the defendants' motion to dismiss with regard to three of the counts. We conclude that the entire action is barred by sovereign immunity and, therefore, we affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to this appeal. The department owns and operates the airport, which functions as a general aviation airport serving air traffic other than large commercial carriers. Aviation services at the airport, such as fueling and aircraft maintenance, are provided by entities that lease parcels of land from the department.

In 2003, the plaintiff, which was providing certain aviation support services at the airport, requested the opportunity to lease and develop an additional 2.6 acres of land immediately abutting its existing leasehold at the airport (parcel). The commissioner thereafter issued a public invitation for proposals regarding the develop-

[1] In its amended complaint, the plaintiff named as a defendant, specifically, the "department of transportation, bureau of aviation and ports." For convenience, we refer to it as the department throughout this opinion. Joint references to the department and to the defendant commissioner of transportation are to the defendants.

[2] The plaintiff appealed to the Appellate Court from the judgment of the trial court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

ment and operation of the parcel. The invitation stated that, after reviewing proposals submitted in response to the invitation, the commissioner would approve one proposal and then negotiate with that applicant to reach an agreement.[3] The invitation further stated that the commissioner, in his sole discretion, had the right to "cancel all negotiations and terminate the proposal process at any time prior to" the state's execution of a final agreement, and such cancellation would be without recourse by the selected applicant.

After the plaintiff was notified that it was the successful applicant, the department and the plaintiff engaged in negotiations regarding the plaintiff's proposed lease and development of the parcel. Following negotiations that lasted approximately two and one-half years, but did not result in a final agreement, the department notified the plaintiff that it was terminating the proposal process. Thereafter, the plaintiff brought the action underlying this appeal, seeking, inter alia, compensatory damages and declaratory and injunctive relief.

The defendants subsequently filed a motion to dismiss the entire action on the ground that the trial court lacked subject matter jurisdiction. The trial court granted the defendants' motion to dismiss, concluding, primarily, that the plaintiff's claims were barred by the doctrine of sovereign immunity. This appeal followed.

As a preliminary matter, we set forth the standard of review. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the

[3] If the negotiations were successful, the lease agreement would be considered only temporary until such time as it was approved by the attorney general, the secretary of the office of policy and management and the state properties review board. General Statutes § 13b-42 (b).

face of the record, the court is without jurisdiction. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [decision to] grant . . . the motion to dismiss will be de novo." (Internal quotation marks omitted.) *State* v. *Haight*, 279 Conn. 546, 550, 903 A.2d 217 (2006). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) *Kizis* v. *Morse Diesel International, Inc.*, 260 Conn. 46, 51, 794 A.2d 498 (2002); see also *Beecher* v. *Mohegan Tribe of Indians of Connecticut*, 282 Conn. 130, 134, 918 A.2d 880 (2007).

As we recently have explained, "[t]rial courts addressing motions to dismiss for lack of subject matter jurisdiction . . . may encounter different situations, depending on the status of the record in the case. . . . [L]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. . . . Different rules and procedures will apply, depending on the state of the record at the time the motion is filed.

"When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . .

"In contrast, if the complaint is supplemented by *undisputed facts* established by affidavits submitted in support of the motion to dismiss . . . the trial court, in determining the jurisdictional issue, may consider

these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint. . . . Rather, those allegations are tempered by the light shed on them by the [supplementary undisputed facts]. . . . If affidavits and/or other evidence submitted in support of a defendant's motion to dismiss conclusively establish that jurisdiction is lacking, and the plaintiff fails to undermine this conclusion with counteraffidavits . . . or other evidence, the trial court may dismiss the action without further proceedings. . . . If, however, the defendant submits either no proof to rebut the plaintiff's jurisdictional allegations . . . or only evidence that fails to call those allegations into question . . . the plaintiff need not supply counteraffidavits or other evidence to support the complaint, but may rest on the jurisdictional allegations therein. . . .

"Finally, where a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Conboy* v. *State*, 292 Conn. 642, 650–52, 974 A.2d 669 (2009). In the present case, the jurisdictional issue was decided on the basis of the undisputed facts in the record.

On appeal, the plaintiff makes numerous claims of impropriety regarding the trial court's dismissal of its claims for: (1) breach of contract; (2) fraud; and (3) deprivation of constitutional rights. In response, the defendants assert that the trial court properly granted the motion to dismiss because all of these claims are barred by the doctrine of sovereign immunity. We agree with the defendants that sovereign immunity bars the plaintiff's action. We therefore do not reach the plaintiff's remaining claims on appeal.

"Sovereign immunity relates to a court's subject matter jurisdiction over a case, and therefore presents a question of law over which we exercise de novo review. . . . In so doing, we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . . The principle that the state cannot be sued without its consent, or sovereign immunity, is well established under our case law. . . . It has deep roots in this state and our legal system in general, finding its origin in ancient common law. . . . Not only have we recognized the state's immunity as an entity, but [w]e have also recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state. . . . Exceptions to this doctrine are few and narrowly construed under our jurisprudence." (Internal quotation marks omitted.) *DaimlerChrysler Corp.* v. *Law*, 284 Conn. 701, 711, 937 A.2d 675 (2007).

"[T]he sovereign immunity enjoyed by the state is not absolute. There are [three] exceptions: (1) when the legislature, either expressly or by force of a necessary implication, statutorily waives the state's sovereign immunity; *Martinez* v. *Dept. of Public Safety*, 263 Conn. 74, 86, 818 A.2d 758 (2003); (2) when an action seeks declaratory or injunctive relief on the basis of a substantial claim that the state or one of its officers has violated the plaintiff's constitutional rights; *Doe* v. *Heintz*, 204 Conn. 17, 31, 526 A.2d 1318 (1987); and (3) when an action seeks declaratory or injunctive relief on the basis of a substantial allegation of wrongful conduct to promote an illegal purpose in excess of the officer's statutory authority. *Antinerella* v. *Rioux*, 229 Conn. 479, 497, 642 A.2d 699 (1994), overruled in part by *Miller* v. *Egan*, 265 Conn. 301, 325, 828 A.2d 549 (2003)." *DaimlerChrysler Corp.* v. *Law*, supra, 284 Conn. 720–21. For a

claim made pursuant to the first exception, "this court has recognized the well established principle that statutes in derogation of sovereign immunity should be strictly construed. . . . Where there is any doubt about their meaning or intent they are given the effect which makes the least rather than the most change in sovereign immunity." (Internal quotation marks omitted.) *C. R. Klewin Northeast, LLC* v. *Fleming*, 284 Conn. 250, 259, 932 A.2d 1053 (2007). "For a claim made pursuant to the second exception, complaining of unconstitutional acts, we require that '[t]he allegations of such a complaint and the factual underpinnings if placed in issue, must clearly demonstrate an incursion upon constitutionally protected interests.' *Barde* v. *Board of Trustees*, 207 Conn. 59, 64, 539 A.2d 1000 (1988). For a claim under the third exception, 'the plaintiffs must do more than allege that the defendants' conduct was in excess of their statutory authority; they also must allege or otherwise establish facts that reasonably support those allegations.' *Shay* v. *Rossi*, 253 Conn. 134, 174–75, 749 A.2d 1147 (2000), overruled in part by *Miller* v. *Egan*, supra, 325. In the absence of a proper factual basis in the complaint to support the applicability of these exceptions, the granting of a motion to dismiss on sovereign immunity grounds is proper." *DaimlerChrysler Corp.* v. *Law*, supra, 721.

"In *Miller* v. *Egan*, supra, 265 Conn. 314–15, 322, we explained the rationale of the exception to sovereign immunity when an official has acted in excess of his statutory authority. As the court stated therein, when an official acts in excess of his statutory authority and does not carry out government policy, an individual's right to be free from the consequences of such action outweighs the interest served by the sovereign immunity doctrine. . . . Id., 322; see also *Horton* v. *Meskill*, [172 Conn. 615, 624, 376 A.2d 359 (1977)] (the government cannot justifiably claim interference with its func-

tions when the acts complained of are unconstitutional or unauthorized by statute . . .). We held, however, that this exception applies only to actions for injunctive or declaratory relief. *Miller* v. *Egan*, supra, 327. The reason for this qualification was to protect the state from significant interference with its functions and to limit the rule to declaratory or injunctive suits, in which the trial court carefully can tailor the relief. Id., 317." (Internal quotation marks omitted.) *C. R. Klewin Northeast, LLC* v. *Fleming*, supra, 284 Conn. 259.

In its brief filed in this court, the plaintiff acknowledges that General Statutes § 4-61 (a)[4] is the sole Connecticut statute that expressly waives sovereign immunity for an action arising out of a contract with the state. See *184 Windsor Avenue, LLC* v. *State*, 274 Conn. 302, 309–11, 875 A.2d 498 (2005). The plaintiff further admits that § 4-61 (a) "applies to contracts with the department of public works, but not to contracts with the department of transportation." Accordingly, the plaintiff concedes that its claims do not fall within the first exception to sovereign immunity.

In the absence of a statutory waiver of sovereign immunity, the plaintiff may not bring an action against the state for monetary damages without authorization from the claims commissioner to do so. "[A] plaintiff who seeks to bring an action for monetary damages against the state must first obtain authorization from the claims commissioner." *Miller* v. *Egan*, supra, 265

---

[4] General Statutes § 4-61 (a) provides in relevant part: "Any person, firm or corporation which has entered into a contract with the state, acting through any of its departments, commissions or other agencies, for the design, construction, construction management, repair or alteration of any highway, bridge, building or other public works of the state or any political subdivision of the state may, in the event of any disputed claims under such contract or claims arising out of the awarding of a contract by the Commissioner of Public Works, bring an action against the state to the superior court for the judicial district of Hartford for the purpose of having such claims determined . . . ."

Conn. 317. General Statutes § 4-160 (a) provides as follows: "When the Claims Commissioner deems it just and equitable, the Claims Commissioner may authorize suit against the state on any claim which, in the opinion of the Claims Commissioner, presents an issue of law or fact under which the state, were it a private person, could be liable." "When sovereign immunity has not been waived, the claims commissioner is authorized by statute to hear monetary claims against the state and determine whether the claimant has a cognizable claim. . . . This legislation expressly bars suits upon claims cognizable by the claims commissioner except as he may authorize, an indication of the legislative determination to preserve sovereign immunity as a defense to monetary claims against the state not sanctioned by the [claims] commissioner or other statutory provisions." (Citation omitted; internal quotation marks omitted.) *Miller* v. *Egan*, supra, 317–18. In the present case, it is undisputed that the plaintiff failed to present its claims to the claims commissioner prior to filing the action that underlies this appeal. "Since we are not aware of any legal barrier to the presentation of the plaintiff's claim to the [claims] commissioner or to his favorable action upon it, we cannot assume that recourse to that procedure would necessarily have been futile or inadequate." *Sullivan* v. *State*, 189 Conn. 550, 559, 457 A.2d 304 (1983). Because exhaustion of this alternative means of relief is a prerequisite to the trial court's jurisdiction to consider any of the plaintiff's claims for monetary damages, we conclude at the outset that the trial court lacked jurisdiction to consider any of those claims and, therefore, properly granted the motion to dismiss as it related to those claims. Accordingly, we address only whether the plaintiff's claims for declaratory and injunctive relief fall within the second and third exceptions to the doctrine of sovereign immunity. See, e.g., *Barde* v. *Board of Trustees*, supra, 207 Conn.

60–61 (treating plaintiff's claims for damages and injunctive relief separately and requiring plaintiff to proceed through claims commissioner for claim for damages; requiring plaintiff to establish that claim falls within second or third exception to sovereign immunity for injunctive or declaratory relief).

## I

## BREACH OF CONTRACT

The plaintiff first claims on appeal that the trial court improperly dismissed its claim for breach of contract against the defendants. In response, the defendants assert that the trial court properly determined that the parties had not entered into a contract and that, even if the parties had entered into a contract, the plaintiff's breach of contract claim is barred by the doctrine of sovereign immunity. We agree with the defendants that the trial court properly determined that the plaintiff's breach of contract claim is barred by the doctrine of sovereign immunity.

In the first count of its complaint, the plaintiff alleged that through the invitation for proposal process and the plaintiff's designation as the selected applicant, a contract was established between the plaintiff and the defendants. It further alleges that this alleged contract had been breached by the defendants when they terminated the proposal process, with the result that the plaintiff "sustained substantial financial loss . . . ." Because the plaintiff has conceded that the first exception to the doctrine of sovereign immunity does not apply to its claims, we look to the second and third exceptions to sovereign immunity.

To sustain a claim under the second exception to sovereign immunity, wherein an action for declaratory

or injunctive relief[5] based on a substantial claim that the state or one of its officers has violated the plaintiff's constitutional rights; *Doe* v. *Heintz*, supra, 204 Conn. 31; the allegations of the complaint and the facts in issue "must clearly demonstrate an incursion upon constitutionally protected interests." *Barde* v. *Board of Trustees*, supra, 207 Conn. 64. Our careful review of the allegations of the first count of the plaintiff's amended complaint reveals no allegations of any constitutional interest implicated by the plaintiff's breach of contract claim. Indeed, the plaintiff has made a separate claim for deprivation of constitutional rights in the sixth count of the same complaint. The first count therefore fails to meet the requirements for the second exception to sovereign immunity.

The plaintiff fares no better with its claim of an exception to sovereign immunity under the third exception to the doctrine. This exception permits a plaintiff to seek declaratory or injunctive relief based on a substantial claim that a state official has acted in excess of his statutory authority and has therefore violated a right of the plaintiff. *Doe* v. *Heintz*, supra, 204 Conn. 31. A claim under this exception must do more than make a conclusory allegation that the defendants' conduct was in excess of their statutory authority; it must allege facts that reasonably support such an allegation. *DaimlerChrysler Corp.* v. *Law*, supra, 284 Conn. 721. The plaintiff's breach of contract claim utterly fails to meet this standard. The plaintiff does not allege in the first count of its complaint any conduct by the defendants

---

[5] We note that although the plaintiff seeks declaratory and injunctive relief in its complaint, it is not clear that such relief is sought with regard to the breach of contract count, where there is no reference to such relief and the final paragraph alleges only "substantial financial loss and competitive disadvantage." We recognize, however, that we must construe the allegations of the complaint in favor of the plaintiff, and therefore we address the plaintiff's claim as one in which the plaintiff seeks declaratory and injunctive relief.

that was in excess of their statutory authority nor does it allege any facts demonstrating an excess of statutory authority. We therefore reject the plaintiff's claim that the trial court improperly dismissed its breach of contract claim, because we conclude that the claim is barred by sovereign immunity.

## II

## FRAUD

The plaintiff next challenges the trial court's dismissal of its claim of fraud by the defendants. In response, the defendants assert that the trial court properly dismissed the plaintiff's claim of fraud as barred by the doctrine of sovereign immunity. We agree with the defendants.

The following additional facts are relevant to our resolution of the plaintiff's claim. In its complaint, the plaintiff specifically alleged that: "[the defendants] made representations of fact to [the] [p]laintiff that [they] would honor [their] agreement and permit [the] [p]laintiff to lease and develop the subject parcel in accordance with the terms of its accepted proposal"; "[t]he [defendants] knew that [their] representations of fact that [they] would honor [their] agreement and permit [the] [p]laintiff to lease and develop the subject parcel in accordance with the terms of its accepted proposal were false when made"; and "[t]he [defendants'] representations of fact that [they] would honor [their] agreement and permit [the] [p]laintiff to lease and develop the subject parcel in accordance with the terms of its accepted proposal were made to induce the [p]laintiff into a false sense of security with respect to the project, until such time as the [defendants] could find another party interested in developing it."

As previously set forth herein, the second exception to sovereign immunity is for an action for declaratory

or injunctive relief based on a substantial claim that the state or one of its officers has violated the plaintiff's constitutional rights. *Doe* v. *Heintz*, supra, 204 Conn. 31. To sustain such a claim, the allegations of the complaint and the facts in issue "must clearly demonstrate an incursion upon constitutionally protected interests." *Barde* v. *Board of Trustees*, supra, 207 Conn. 64. In the present case, as the aforementioned allegations suggest, the plaintiff alleged in the third count of its complaint that the defendants had engaged in fraud, principally through misrepresentations of fact. The plaintiff does not allege, and we do not find, any constitutional interest implicated by the plaintiff's fraud claim. The third count therefore fails to meet the requirements for the second exception to sovereign immunity.

The third count of the plaintiff's complaint also fails to meet the requirements for the third exception to sovereign immunity. This exception permits a plaintiff to seek declaratory or injunctive relief based on a substantial claim that a state official has acted in excess of his statutory authority and has therefore violated a right of the plaintiff. *Doe* v. *Heintz*, supra, 204 Conn. 31. A claim under this exception must do more than allege that the defendants' conduct was in excess of their statutory authority; it must allege facts that reasonably support those allegations. *DaimlerChrysler Corp.* v. *Law*, supra, 284 Conn. 721. Although the plaintiff alleged in the third count of its complaint that the defendants had engaged in fraud by misrepresentation, the plaintiff did not cite any statute that it alleges the defendants violated, nor did it otherwise allege any facts that would support a claim that the defendants acted beyond their statutory authority. To the contrary, the plaintiff's claim of fraud is based on mere conclusory assertions that the defendants made false representations to the plaintiff. We therefore conclude that the fraud claim is barred by sovereign immunity.

## III

## DEPRIVATION OF CONSTITUTIONAL RIGHTS

The plaintiff also asserts that the trial court improperly dismissed its claim that it was deprived of its constitutional rights. Specifically, the plaintiff claims that the trial court improperly concluded that it failed to allege sufficient facts to support its claim that the defendants violated its state and federal constitutional rights to due process and equal protection of the laws.[6] In response, the defendants assert that the trial court properly determined that the plaintiff had failed to allege sufficiently a deprivation of an actual constitutional right, and, accordingly, its claim is barred by the doctrine of sovereign immunity. We agree with the defendants.

The following additional facts are necessary to our resolution of this claim. In its complaint, the plaintiff alleged that the proposal it submitted to the defendants, called for the construction of an aviation related facility at the airport consisting primarily of a 20,000 square foot hangar, two ramps, a taxiway, and a parking garage in return for a ground lease for the operation and maintenance of that facility. At the end of the term of the lease, the facility would revert to the possession and ownership of the state. In the sixth count of its amended complaint, the plaintiff alleges that the defendants deprived it of its constitutional rights to due process and equal protection of the law by arbitrarily and capriciously terminating the alleged contract between the

[6] Although the plaintiff asserts that the defendants' actions violated both the state and federal constitutions, it has failed to provide the analysis required by *State* v. *Geisler*, 222 Conn. 672, 684–85, 610 A.2d 1225 (1992), that is a prerequisite to asserting an independent claim under the state constitution. See *Hogan* v. *Dept. of Children & Families*, 290 Conn. 545, 567–68, 964 A.2d 1213 (2009) (refusing to address plaintiff's state constitutional claim where plaintiff failed to provide *Geisler* analysis). We therefore limit our analysis to the plaintiff's claim under the federal constitution.

parties and by engaging in "covert, collusive, and/or conspiratorial contacts" with another provider of aviation services at the airport that was a competitor of the plaintiff (competitor). Specifically, the plaintiff asserts that the defendants treated the competitor more favorably by awarding the competitor multiple contracts to develop parcels of land at the airport. The plaintiff further alleges that the defendants did not require the competitor to follow the required bidding practices or to comply with applicable standards in the development of these parcels, and that the defendants acted in collusion with the competitor to develop these parcels. The plaintiff's final allegation is that the defendants' improper actions allowed its competitor to gain an unfair competitive advantage.

The plaintiff's claim that the defendants deprived it of its constitutional rights implicates only the second exception to the doctrine of sovereign immunity. As we previously have set forth herein, the second exception permits a plaintiff to bring an action for declaratory or injunctive relief based on a substantial claim that the state or one of its officers has violated the plaintiff's constitutional rights. *Doe* v. *Heintz*, supra, 204 Conn. 31. In order to sufficiently raise such a claim, the allegations of the complaint and the facts in issue "must clearly demonstrate an incursion upon constitutionally protected interests." *Barde* v. *Board of Trustees*, supra, 207 Conn. 64.

## A

We begin with the plaintiff's claim that the defendants deprived it of its constitutional right to procedural due process by breaching the alleged contract with the plaintiff.[7] "Procedural due process imposes constraints

[7] Although it is not entirely clear whether the plaintiff's claim that the defendants violated its right to due process is one of procedural due process or substantive due process, because all of the cases relied on by the plaintiff in its brief concern procedural due process, we consider the plaintiff's claim to be one of procedural due process. Any claim of a violation of substantive

on governmental decisions which deprive individuals of liberty or property interests within the meaning of the [d]ue [p]rocess [c]lause of the . . . [f]ourteenth [a]mendment." (Internal quotation marks omitted.) *Greater New Haven Property Owners Assn.* v. *New Haven,* 288 Conn. 181, 198, 951 A.2d 551 (2008), quoting *Mathews* v. *Eldridge,* 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "In order for a person to have a property interest in a benefit such as the right to payment under a contract, [h]e must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. . . . When determining whether a plaintiff has a claim of entitlement, we focus on the applicable statute, contract or regulation that purports to establish the benefit. . . . We note that although a public contract can confer a protectible benefit, not every contract does so . . . and the type of interest a person has in the enforcement of an ordinary commercial contract often is qualitatively different from the interests the [United States] Supreme Court has thus far viewed as property entitled to procedural due process protection . . . ." (Citations omitted; internal quotation marks omitted.) *Martz* v. *Valley Stream,* 22 F.3d 26, 29–30 (2d Cir. 1994).

The Second Circuit Court of Appeals addressed a claim by a governmental contractor similar to the one in the present case in *S & D Maintenance Co.* v. *Goldin,* 844 F.2d 962, 966 (2d Cir. 1988). In *Goldin,* a company that had contracted with the city of New York for the maintenance of its parking meters brought an action against the city alleging that it had violated the company's right to due process when the city terminated the contract between the parties. Id., 963. The Second

due process would be deemed to have been inadequately briefed in any event, due to the plaintiff's failure to address any case law or provide any independent analysis on that subject. *State* v. *Coward,* 292 Conn. 296, 306 n.14, 972 A.2d 691 (2009).

Circuit reasoned as follows: "In one sense, of course, every enforceable contract right can be said to be an entitlement. As long as a state provides judicial remedies for the enforcement of contracts, either specific performance or damages for breach, every person holds a legitimate expectation that his contractually conferred rights are secure. And whenever a person contracts with a state, breach by the state can be considered a denial of his entitlement to performance of the contract. If the concept of entitlement were this expansive, federal courts could be asked to examine the procedural fairness of every action by a state alleged to be in breach of its contracts. . . . We must bear in mind that the [f]ourteenth [a]mendment [to the United States constitution] was not intended to shift the whole of the public law of the states into the federal courts." (Internal quotation marks omitted.) Id., 966.[8]

The Second Circuit further explained that the United States Supreme Court has "accorded procedural due process protection to interests that extend well beyond actual ownership of real estate, chattels, or money . . . ." (Citation omitted; internal quotation marks omitted.) Id. The Second Circuit explained, however, that "[i]n these contexts, the [d]ue [p]rocess [c]lause is invoked to protect something more than an ordinary contractual right. Rather, procedural protection is sought in connection with a state's revocation of a status, an estate within the public sphere characterized by a quality of either extreme dependence in the case of welfare benefits, or permanence in the case of tenure, or sometimes both, as frequently occurs in the case of social security benefits." Id. The court rejected the

---

[8] As we previously have explained, the plaintiff may pursue its claims for monetary relief by filing a claim with the claims commissioner. "The fact that monetary claims against the state must be authorized by the claims commissioner does not make such a claim unenforceable." *Alter & Associates, LLC* v. *Lantz*, 90 Conn. App. 15, 22, 876 A.2d 1204 (2005).

plaintiff's claim, refusing to extend due process protection to the company's temporary contractual interest. The court explained that "we hesitate to extend the doctrine further to constitutionalize contractual interests that are not associated with any cognizable status of the claimant beyond its temporary role as a governmental contractor." Id., 967.

We conclude that, like the property interest involved in *Goldin*, in the present case, the plaintiff's limited property interest in a contract with the defendants is not an entitlement to which due process protections apply. Even if we were to assume for the purposes of this claim that the defendants did enter into a contract with the plaintiff to develop and lease the parcel, such a contract lacks both the permanence and dependence necessary to afford it procedural due process protection. First, the alleged contract was temporary in nature in that it was a leasehold interest for the right to operate and maintain the parcel. At the expiration of its leasehold, the plaintiff would have no continued right to the facility and the state would retain all ownership rights. See, e.g., id., 967–68 (refusing to recognize property interest in two year contract between contractor and government for maintaining parking meters); *Malapanis* v. *Regan*, 340 F. Sup. 2d 184, 190–92 (D. Conn. 2004) (refusing to recognize constitutional property interest in three year contract with option to renew yearly for up to ten years); *Hotel Syracuse, Inc.* v. *Young*, 805 F. Sup. 1073, 1084–85 (N.D.N.Y. 1992) (denying due process protection for company's contractual interest in ownership and operation of hotels through contract and financing agreement with city). Second, the plaintiff cannot demonstrate an extreme dependence upon the contract such that it is entitled to due process protection. The plaintiff is a sophisticated business entity that operates at least one other facility at the airport. Nothing in the record demonstrates that

the plaintiff is wholly dependent upon the contract at issue here for its immediate well-being or survival. The plaintiff has not "clearly demonstrate[d] an incursion upon constitutionally protected interests." *Barde* v. *Board of Trustees*, supra, 207 Conn. 64. Like the contractor in *Goldin*, therefore, the plaintiff is a temporary government contractor that is not afforded the protection of procedural due process under the federal constitution. See id., 64–65. Accordingly, we conclude that the plaintiff's claim that the defendants deprived it of its constitutional right to due process fails to meet the requirements for the second exception to the doctrine of sovereign immunity.

B

The plaintiff also alleges in its amended complaint that the defendants deprived it of its constitutional right to equal protection of the laws because it treated the competitor differently than the plaintiff. "The [e]qual [p]rotection [c]lause of the [f]ourteenth [a]mendment to the United States [c]onstitution is essentially a direction that all persons similarly situated should be treated alike. [*Cleburne* v. *Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985)] (citing *Plyler* v. *Doe*, 457 U.S. 202, 216, [102 S. Ct. 2382, 72 L. Ed. 2d 786 (1982)]. . . . *Zahra* v. *Southold*, 48 F.3d 674, 683 (2d Cir. 1995). A violation of equal protection by selective [treatment] arises if: (1) the person, compared with others similarly situated, was selectively treated; and (2) . . . such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person. *LaTrieste Restaurant & Cabaret, Inc.* v. [*Port Chester*], 40 F.3d 587, 590 (2d Cir. 1994) (quoting *LeClair* v. *Saunders*, 627 F.2d 606, 609–10 (2d Cir. 1980), cert. denied, 450 U.S. 959, 101 S. Ct. 1418, 67 L. Ed. 2d 383 [1981]). . . . *Thomas* v. *West Haven*, 249 Conn. 385, 392–93,

734 A.2d 535 (1999), cert. denied, 528 U.S. 1187, 120 S. Ct. 1239, 146 L. Ed. 2d 99 (2000)." *Cadlerock Properties Joint Venture, L.P.* v. *Commissioner of Environmental Protection*, 253 Conn. 661, 670–71, 757 A.2d 1 (2000).

In the present case, although the plaintiff alleges that the defendants treated the competitor differently, it does not allege that the differential treatment was based on any impermissible consideration. It simply alleges that the defendants treated its competitor more favorably by awarding the competitor multiple contracts to develop parcels of land at the airport and that the defendants did not require the competitor to follow the required bidding practices or to comply with applicable standards in the development of these parcels. The plaintiff asserts that the defendants acted in collusion with the competitor to develop these parcels and that the defendants' improper actions allowed the plaintiff's competitor to gain an unfair competitive advantage. In the absence of any allegation as to an *impermissible* basis for the alleged differing treatment, we must conclude that the plaintiff's claim that the defendants deprived it of its constitutional right to equal protection of the laws fails to meet the requirements for the second exception to the doctrine of sovereign immunity.

The judgment is affirmed.

In this opinion the other justices concurred.