### WILBERT LAWRENCE *v.* STATE BOARD OF EDUCATION ET AL.
### (AC 33583)

Lavine, Sheldon and Peters, Js.

Argued October 31, 2012—officially released February 19, 2013

*Vincent F. Sabatini*, for the appellant (plaintiff).

*Robert J. Deichert*, assistant attorney general, with whom were *Nancy A. Brouillet*, assistant attorney general, and, on the brief, *George Jepsen*, attorney general, and *Jane R. Rosenberg*, assistant attorney general, for the appellees (named defendant et al.).

*Opinion*

PETERS, J. "Sovereign immunity is invoked as a shield by the sovereign defendant against suits from parties allegedly injured by its wrongful conduct or that of its agents." (Internal quotation marks omitted.) *State v. Lombardo Bros. Mason Contractors, Inc.*, 307 Conn. 412, 429, 54 A.3d 1005 (2012). The principal issue in this case is whether sovereign immunity bars the action of a former state employee to rescind his severance agreement with the state. The trial court sustained the defendants' plea of sovereign immunity because the former employee has not obtained the permission of the claims commissioner to bring his action, and dismissed the plaintiff's suit for lack of subject matter jurisdiction. We affirm the judgment of the court.

On August 4, 2010, the plaintiff, Wilbert Lawrence, served a four count complaint against the defendants, the state board of education, the state department of education, the state technical high school system, and Mark K. McQuillan, the commissioner of the state board of education and the state department of education, to challenge the validity of a stipulated agreement that terminated the plaintiff's employment as a state vocational school teacher.[1] The complaint sought rescission of the agreement, a declaratory judgment and monetary relief. The court granted the defendants' motion to dismiss the complaint on the ground of sovereign immunity. The plaintiff has appealed from the judgment of the court in favor of the defendants.

The relevant procedural history is undisputed. From 1997 through 2010, the plaintiff was employed as a teacher for the state vocational school system and, as such, was a member of the State Vocational Federation of Teachers (union). In 2010, in response to a charge by the state that he had engaged in misconduct,[2] the plaintiff and the union, acting on his behalf, entered into settlement negotiations with the state. Accordingly, on April 9, 2010, the plaintiff signed a "stipulated agreement," which provided that "[the plaintiff] will resign from his position with the [s]tate of Connecticut effective the close of business on July 1, 2010 in lieu of termination for his misconduct." The plaintiff agreed, furthermore, that he would "not apply or accept any teaching positions with the [s]tate of Connecticut,

---

[1] The plaintiff also alleged a fifth count of breach of contract by the State Vocational Federation of Teachers, the plaintiff's union. As the defendant union did not join the other defendants in filing the motion to dismiss, which is the subject of this appeal, we do not consider this claim on appeal.

[2] The record before us does not disclose the nature of the alleged misconduct or the nature of any charges pending against the plaintiff at the time he signed the stipulated agreement.

including positions within the adult programs or substituting."[3]

The plaintiff alleges that, during the settlement negotiations, the defendants represented to him that, if he entered into the stipulated agreement, any and all actions and charges pending against him would be terminated and he would be able to pursue other employment with the state in the form of administrative positions. The plaintiff further alleges that these representations were false because the defendants knew or should have known that other state agencies were investigating him at that point in time, or that they had charges pending against him. Finally, he alleges that these misrepresentations induced him to sign the stipulated agreement.

On June 23, 2010, the plaintiff, through counsel, sought rescission of the stipulated agreement because, in his view, he had been treated unfairly.[4] Because the defendants declined to allow rescission of the agreement, the plaintiff filed the present lawsuit.

The plaintiff's appeal challenges the propriety of the court's dismissal of his claims for "injunctive and declaratory relief, particularly in the form of rescission of the [stipulated agreement]."[5] Although he acknowledges that neither the legislature nor the claims com-

---

[3] The stipulated agreement also provided that the plaintiff would be entitled to "use three (3) accrued personal leave days and then sick leave accruals from April 6, 2010 to the end of the 2009–2010 school year" and that the plaintiff would not "file or pursue any legal action against the [s]tate of Connecticut, the [d]epartment of [e]ducation, its representative, its employees and [his union], in any forum as a result of this agreement, except to enforce the terms of this Agreement."

[4] The letter seeking rescission states that "the underlying facts supporting the so-called termination are totally unsupported. In addition, there are pending matters involved in this matter which were not resolved prior to [the plaintiff's] termination. . . . He did not have proper representation and advice during this process."

[5] The plaintiff concedes that counts two and three of his complaint, which charge the defendants with intentional misrepresentation and unfair trade practices, are barred by the doctrine of sovereign immunity.

missioner has authorized his suit, the plaintiff claims, for two reasons, that his claim for rescission does not implicate sovereign immunity. First, he maintains that the state would be unaffected fiscally by a judgment of rescission in his favor. Second, he hypothesizes that, because his complaint alleges that "the defendants violated his constitutional rights and engaged in wrongful conduct to promote an illegal purpose," his rescission action is justiciable pursuant to *Columbia Air Services, Inc.* v. *Dept. of Transportation*, 293 Conn. 342, 349–50, 977 A.2d 636 (2009). We are not persuaded.

We first set forth the applicable standard of review. "The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . .

"Sovereign immunity relates to a court's subject matter jurisdiction over a case, and therefore presents a question of law over which we exercise de novo review. . . . In so doing, we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . . The principle that the state cannot be sued without its consent, or sovereign immunity, is well established under our case law. . . . It has deep roots in this state and our legal system in general, finding its origin in ancient common law. . . . Not only have we recognized the state's immunity as an entity, but [w]e have also recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state. . . .

Exceptions to this doctrine are few and narrowly construed under our jurisprudence. . . .

"[A] litigant that seeks to overcome the presumption of sovereign immunity must show that (1) the legislature, either expressly or by force of a necessary implication, statutorily waived the state's sovereign immunity . . . or (2) in an action for declaratory or injunctive relief, the state officer or officers against whom such relief is sought acted in excess of statutory authority, or pursuant to an unconstitutional statute. . . . In making this determination, this court has recognized the well established principle that statutes in derogation of sovereign immunity should be strictly construed. . . . Where there is any doubt about their meaning or intent they are given the effect which makes the least rather than the most change in sovereign immunity." (Citation omitted; internal quotation marks omitted.) *DaimlerChrysler Corp.* v. *Law*, 284 Conn. 701, 711–12, 937 A.2d 675 (2007).

I

The plaintiff claims that his action for rescission does not implicate sovereign immunity because rescission of the stipulated agreement "would not affect the state's fiscal concerns." He hypothesizes, without further elaboration, that "injunctive and declaratory relief in the form of rescission of the contract, as well as reinstatement . . . can be tailored effectively in order to minimize any interference with state functions, thereby making consent to suit or waiver of sovereign immunity unnecessary." The defendants question the accuracy of this financial snapshot. We agree with the defendants.

The plaintiff has offered no guidance about how a remedy in rescission could be fashioned without implicating the state's fiscal resources. The plaintiff's complaint sought not only reinstatement but also back pay.

Although in his reply brief, the plaintiff seems to abandon the latter claim, if the plaintiff were to prevail in his claim for relief, at the very least he would be entitled to reinstatement in his former teaching position and to payment of the present and future salary and benefits appurtenant thereto. In the likely absence of unfilled vacancies, his reinstatement would require severance payments to the person presently occupying the plaintiff's former position. None of these actions could take place without significant administrative intervention and the costs associated therewith. We agree, therefore, with the defendants' contention that the plaintiff's claim has adverse implications for the state's fiscal well-being and is barred by the state's sovereign immunity.

## II

Alternatively, the plaintiff alleges that sovereign immunity does not bar his rescission action because his allegations of misconduct by the defendants "*clearly* demonstrate an incursion upon constitutionally protected interests." (Emphasis added; internal quotation marks omitted.) *Columbia Air Services, Inc.* v. *Dept. of Transportation*, supra, 293 Conn. 350. We agree with the court that the plaintiff's allegation that the defendants failed to disclose other pending charges of misconduct did not satisfy this burden of pleading.

For his constitutional argument, the plaintiff principally relies on *Shay* v. *Rossi*, 253 Conn. 134, 189, 749 A.2d 1147 (2000), overruled in part by *Miller* v. *Egan*, 265 Conn. 301, 325, 828 A.2d 549 (2003). This reliance is misplaced. In *Shay*, the defendants allegedly persisted with a claim that the defendants *knew* to be factually unjustified. Id., 182. The plaintiff has made no such allegations in this case.

We note, furthermore, that the record here is barren of any identification of the specific charges of misconduct that the defendants allegedly should have disclosed to the plaintiff. The plaintiff alleges that, during

the negotiations leading to his resignation of his teaching position, the defendants represented to him that if he entered into the stipulated agreement, "any and all actions and/or charges pending against him would be terminated and . . . he would be able to pursue other employment with the [s]tate in the form of administrative positions." The plaintiff further alleges that these representations were false because the defendants knew or should have known that *other* state agencies were then investigating him or had charges pending against him. In effect, the plaintiff maintains that the defendants' failure to inform him of charges that other agencies had not yet filed against him should be considered tantamount to a *knowing and false* representation that no state agency was considering administrative action that would tarnish the plaintiff's good name, reputation, honor or integrity. We know of no authority for such a broad reading of the law of misrepresentation, and the plaintiff has cited none.

In his reply brief, the plaintiff refocuses his constitutional argument into a claim that the defendants have deprived him of a property interest in employment without due process of law. He emphasizes the fact that the stipulated agreement, while precluding him from accepting teaching positions in the state, did not preclude him from accepting nonteaching positions. Accordingly, he maintains that the agreement gave him a "property interest in employment" and that, in his complaint, he properly alleged that the defendants had impaired this property interest without due process of law by failing to inform him of adverse proceedings then pending in other state agencies.

We disagree with the plaintiff's contention in both form and substance. Procedurally, an argument that is advanced for the first time in a reply brief need not be considered by this court because the defendants have not had an opportunity to address it in their own brief.

See *Williams Ford, Inc.* v. *Hartford Courant Co.*, 232 Conn. 559, 593 n.26, 657 A.2d 212 (1995). Substantively, we are not persuaded that the terms of the settlement agreement reasonably can be construed to confer on the plaintiff a constitutionally cognizable property interest in employment that the defendants were required to honor. The stipulated agreement provided only that the plaintiff was not *precluded* from seeking state employment other than as a teacher. The agreement did not purport, in any fashion, to establish the plaintiff's eligibility for any vacant nonteaching position with the state government. The plaintiff has cited no authority for the proposition that the right to *apply for* an unspecified government position is a cognizable property interest that has constitutional implications.

Furthermore, the plaintiff has not alleged that any of the defendants had a contractual, statutory or constitutional duty to inform him of pending proceedings in other state agencies with which he might seek employment. Indeed, he has not alleged that these preliminary proceedings ever matured into formal charges against him. On the basis of the record before us, we agree with the court that the plaintiff has failed clearly to allege an incursion upon a constitutionally protected interest that would preclude the defendants from invoking their sovereign immunity.

In sum, we agree with the defendants that the plaintiff has failed to allege facts that support his contention that (1) if he were to prevail in his rescission action, the required remedy would have no significant adverse impact on the state's financial resources and (2) the defendants deprived him of a constitutionally protected property interest during the negotiation of his settlement agreement by failing to inform him of adverse proceedings then pending in other state agencies.

Accordingly, the court properly concluded that the doctrine of sovereign immunity barred the plaintiff's claims for relief.

The judgment is affirmed.

In this opinion SHELDON, J., concurred.

LAVINE, J., concurring. I concur with the majority opinion, however, I write separately to note the limits of our ruling.

Exceptions to the doctrine of sovereign immunity "are few and narrowly construed under our jurisprudence." *C. R. Klewin Northeast, LLC* v. *Fleming*, 284 Conn. 250, 258, 932 A.2d 1053 (2007). Connecticut has a common-law exception to sovereign immunity for claims in "an action for *declaratory or injunctive relief* [if] the state officer or officers against whom such relief is sought acted in excess of statutory authority, or pursuant to an unconstitutional statute." (Emphasis added; internal quotation marks omitted.) *DaimlerChrysler Corp.* v. *Law*, 284 Conn. 701, 712, 937 A.2d 675 (2007).

In this case, the plaintiff, Wilbert Lawrence, seeks *rescission* of a contract. The trial court found that the state did not waive its sovereign immunity or consent to this suit through the claims commissioner. The court stated that "[e]ven if this court were to assume that the plaintiff is seeking declaratory relief in the form of rescission of a contract, the plaintiff has failed to meet his pleading requirements" because he "has failed to clearly allege an incursion upon a constitutionally protected interest" and because he "has failed to substantially allege that [the defendant Mark K. McQuillan], in his official capacity, engaged in wrongful conduct to achieve an illegal purpose in excess of his statutory authority."

I emphasize that the trial court *assumed*—but did not *decide*—that the plaintiff was seeking declaratory relief in the form of rescission. The majority neither endorses nor rejects that assumption; it does not address it. In my opinion, therefore, the majority opinion does not stand for the proposition that, in this jurisdiction, an action seeking rescission is the equivalent of an action for declaratory relief for purposes of sovereign immunity analysis, nor should it be cited as authority for that proposition, nor used as a means to bypass the claims commissioner.