******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

THE GOOD EARTH TREE CARE, INC. *v.* TOWN
OF FAIRFIELD
(AC 35468)

Lavine, Keller and Borden, Js.

*Argued May 29—officially released July 22, 2014*

(Appeal from Superior Court, judicial district of
Fairfield, Hon. Howard T. Owens, Jr., judge trial
referee.)

*Christopher J. Smedick*, for the appellant (plaintiff).

*Stanton H. Lesser*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, The Good Earth Tree Care, Inc., brought this action against the defendant, the town of Fairfield, seeking injunctive relief on the basis of the defendant's failure to award the plaintiff a municipal contract. The plaintiff appeals from the judgment of the trial court dismissing its complaint for lack of standing. On appeal, the plaintiff claims that the trial court erroneously concluded that the plaintiff lacked standing due to its failure to prove that the defendant exhibited favoritism in awarding a municipal contract to a competitor. We affirm the judgment of the trial court.

The following facts, as found by the trial court, and procedural history are relevant to this appeal. The defendant owns a leaf and yard waste facility. On May 18, 2012, the defendant issued bid number 2012-44R to solicit sealed bids for a company to operate the waste facility in a public-private partnership with the defendant for five years. The defendant provided all prospective bidders, including the plaintiff, with a bid package containing documents that set forth, inter alia, detailed requests for required information, required standards for qualification, a qualifications/operating proposal, and a price proposal. The bid documents notified prospective bidders that the defendant had the option to conduct individual interviews as part of the evaluation process.

The bid documents explained that an evaluation panel comprised of town officials and employees was tasked with reviewing the submitted bids, conducting interviews, and selecting the successful bidder. Each panel member filled out scoring matrices—models of which were provided in each bid package—to analyze each bidder's qualifications and price proposals.

The defendant received three bids for bid number 2012-44R. It rejected one bid due to its relatively high price proposal. This left the defendant with two bids to consider, one submitted by the plaintiff and the other submitted by GreenCycle of Connecticut, Inc. (GreenCycle), the company that had operated the waste facility for the previous five years. The evaluation panel interviewed both bidders and inquired regarding their qualifications, price proposals, and general plans for the operation. The panel ultimately awarded the contract to GreenCycle, which received a total score of 457 points out of a possible 500 points as compared to the plaintiff's score of 411 points. Although the plaintiff's bid was less than GreenCycle's, the plaintiff scored relatively poorly on the qualifications portion of the evaluation because the panel concluded that the plaintiff lacked the proper experience to run the waste facility.[1] Further, the panel determined that the plaintiff intended to charge the defendant an unspecified amount for any

additional operations caused by storm cleanup considered to be outside of normal operations, while GreenCycle would not charge an extra fee for those additional services.

The plaintiff filed this action on July 13, 2012. The plaintiff claimed that the defendant failed to abide by its town charter and bidding requirements by not awarding the contract to the plaintiff, alleging that it was the "lowest qualified bidder."[2] According to the plaintiff, the defendant's failure to award the contract to the plaintiff undermined the integrity of the bidding process because it exhibited favoritism toward GreenCycle. After filing its answer, the defendant filed a motion to dismiss for lack of subject matter jurisdiction on August 23, 2012. The court initially denied the motion to dismiss on October 22, 2012. At trial, the defendant renewed its motion to dismiss after the plaintiff rested its case.

On February 19, 2013, the court issued a memorandum of decision granting the defendant's motion to dismiss on the basis of jurisdictional findings the court made after the plaintiff rested its case.[3] The court concluded that the plaintiff did not have standing because it failed to prove by a preponderance of the evidence that the defendant had shown favoritism toward GreenCycle in awarding it the contract to operate the waste facility. The court emphasized that the defendant conducted a fair bidding process, did not give any unfair advantage to either bidder, and made its decision solely on the merits of the bid proposals it received. The court further noted that the evaluation panel adhered strictly to the bidding requirements and to the criteria set forth in the bid documents and made a good faith interpretation of the bidding requirements when applying them to the bidders. This appeal followed.

The plaintiff claims that the court erroneously determined that the plaintiff did not have standing because the plaintiff failed to prove that the evaluation panel exhibited favoritism toward GreenCycle in the bid selection process. In particular, the plaintiff argues that, in awarding GreenCycle the contract, the panel relied on requirements not explicitly provided in the bidding documents. We disagree.

We begin by setting forth the relevant standard of review. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [T]rial courts addressing motions to dismiss for lack of subject matter jurisdiction . . . may encounter different situations, depending on the status of the record in the case. . . . [W]here a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in

the absence of an evidentiary hearing to establish jurisdictional facts." (Citations omitted; internal quotation marks omitted.) *Columbia Air Services, Inc.* v. *Dept. of Transportation*, 293 Conn. 342, 346–48, 977 A.2d 636 (2009).

Generally, an unsuccessful bidder on a municipal contract has no standing to challenge a failed bid. See *Ardmare Construction Co.* v. *Freedman*, 191 Conn. 497, 501, 467 A.2d 674 (1983). This results from the fact that "[a] bid, even the lowest responsible one, submitted in response to an invitation for bids is only an offer which, until accepted . . . does not give rise to a contract between the parties." (Internal quotation marks omitted.) *AAIS Corp.* v. *Dept. of Administrative Services*, 93 Conn. App. 327, 331, 888 A.2d 1127, cert. denied, 277 Conn. 927, 895 A.2d 798 (2006).

There is an exception to this rule if the bidder provides evidence that "fraud, corruption or favoritism ha[d] influenced the conduct of the bidding officials or [that] the very object and integrity of the competitive bidding process [was] defeated by the conduct of municipal officials." *Spiniello Construction Co.* v. *Manchester*, 189 Conn. 539, 544–45, 456 A.2d 1199 (1983) (municipality impermissibly favors bidder if it provides that bidder with information unavailable to other bidders). A municipality does not exhibit favoritism by making good faith interpretations of bidding requirements and applying them in a consistent and nondiscriminatory fashion. See *Ardmare Construction Co.* v. *Freedman*, supra, 191 Conn. 506. Although the assessment of the criteria for determining the "lowest qualified bidder" includes some subjective analysis, "that subjective analysis . . . does not carry with it the imprint of favoritism, but rather is a wholly permissive exercise of the [municipality's] discretion unless favoritism otherwise is illustrated." *AAIS Corp.* v. *Dept. of Administrative Services*, supra, 93 Conn. App. 332.

In light of the nature of the claim raised in this appeal, we are bound to review only whether the court's findings were clearly erroneous. "Factual findings are subject to a clearly erroneous standard of review. . . . It is well established that [a] finding of fact will not be disturbed unless it is clearly erroneous in view of the evidence and pleadings in the whole record. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . . . . Our authority, when reviewing the findings of a judge, is circumscribed by the deference we must give to decisions of the trier of fact, who is usually in a superior position to appraise and weigh the evidence. . . . The question for this court . . . is not whether it would have made the findings the trial court did, but

whether in view of the evidence and pleadings in the whole record it is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Lynwood Place, LLC* v. *Sandy Hook Hydro, LLC*, 150 Conn. App. 682, 687,      A.3d (2014).

Following our review of the record, we conclude that the court's findings were not clearly erroneous. The court reasonably found that the evaluation panel, in good faith, interpreted and applied the broad requirements contained in bid number 2012-44R's bid documents equally to the plaintiff and GreenCycle in reaching its decision to award the municipal contract to GreenCycle. Accordingly, we are not persuaded by the plaintiff's claim that the defendant exhibited favoritism toward GreenCycle by considering undisclosed requirements, to GreenCycle's advantage, in awarding GreenCycle the contract.

The judgment is affirmed.

[1] GreenCycle scored 172 points out of a possible 175 points on the qualifications portion of the evaluation, while the plaintiff scored 128 points. The Purchasing Authority of the Board of Finance of the Town of Fairfield issued an award letter explaining its reasoning for choosing GreenCycle instead of the plaintiff.

[2] According to the bidding requirements of the Board of Finance of the Town of Fairfield (board), the board's purchasing authority "shall make the purchase from or let the contract to the lowest qualified bidder, or shall reject all bids." The bidding requirements defined "Lowest Qualified Bidder" as "[a] supplier who has the capacity and capability to provide goods/services in conformance with the specifications for quality, quantity, service and delivery at the lowest cost."

[3] The court issued a corrected memorandum of decision on October 30, 2013, to correct an error in the form of the judgment.