BALF COMPANY *v.* PLANNING AND
ZONING COMMISSION OF THE
TOWN OF MANCHESTER
(AC 23313)

Lavery, C. J., and West and DiPentima, Js.

Argued June 5—officially released September 23, 2003

*John F. Sullivan,* assistant town attorney, with whom was *Michael M. Darby,* town attorney, for the appellant (defendant).

*Stephen J. Anderson,* with whom was *Jared Cohane,* for the appellee (plaintiff).

*Opinion*

WEST, J. The defendant, the planning and zoning commission of the town of Manchester (commission), appeals from the judgment of the trial court sustaining the appeal by the plaintiff, Balf Company, from the commission's denial of a special exception permit for the construction and operation of a concrete manufacturing plant on the plaintiff's property. On appeal, the defendant claims that the court improperly (1) exercised subject matter jurisdiction over the plaintiff's appeal and (2) interpreted the commission's regulations in concluding that the plaintiff was not obligated to

apply for a special exception permit for the proposed construction. We affirm the judgment of the trial court.

The following facts are relevant to our resolution of the commission's appeal. The plaintiff is the owner of two contiguous parcels of land, totaling 55.6 acres, located in an industrial zone in Manchester. During the relevant time periods and thereafter, the plaintiff has operated an asphalt production plant on that property. The plaintiff desired to construct and to operate a concrete production plant on a 1.9 acre portion of its industrially zoned property. The town's senior planner stated that special exception approval was required because the plaintiff's property was more than four acres. Pursuant to § 16.02 of Manchester's industrial zone regulations, the plaintiff on December 1, 2000, applied for a special exception from the commission. The commission held a public hearing on the plaintiff's application on March 19 and April 2, 2001. Following the presentation of evidence and arguments for and against the proposed project, the commission denied the special exception.

Pursuant to General Statutes § 8-8, the plaintiff appealed to the Superior Court from the commission's denial of the special exception. The court found that the commission improperly had interpreted its regulations when it required the plaintiff to apply for a special exception where the actual site on which the proposed plant was to be constructed was only 1.9 acres. The commission filed a petition for certification to appeal to this court, which granted certification to appeal. The commission then appealed.

I

We first address the defendant's claim that the court did not have subject matter jurisdiction over the plaintiff's zoning appeal on the ground that the plaintiff had failed to exhaust its administrative remedies. The defen-

dant argues that the plaintiff never raised the issue of whether it should be required to submit to the special exception process until its appeal to the trial court. According to the defendant, if the plaintiff did not think it was required to submit to the special exception process, it had options available to it by which it could raise that issue. Because the plaintiff did not avail itself of those options, the defendant contends that the plaintiff failed to exhaust its administrative remedies and, therefore, the court was without jurisdiction over the plaintiff's appeal. We disagree with the defendant.

According to the defendant, if the plaintiff believed that it could proceed with the concrete plant without the special exception, it need not have submitted to the special exception process. Rather, the plaintiff could have filed a site plan and applied for a certificate of zoning compliance. If the town zoning enforcement officer denied the plan and ruled that the plaintiff was required to submit to the special exception process, the defendant argues, the plaintiff would then have had two alternatives. The plaintiff could have submitted to the special exception process and raised that issue before the commission. Alternatively, the defendant argues that the plaintiff could have appealed to the town's zoning board of appeals from the zoning enforcement officer's decision. We conclude, however, that the plaintiff exhausted the administrative procedures available to it by submitting the application for a special exception and then appealing to the court from the commission's denial of the application pursuant to § 8-8.

"It is a settled principle of administrative law that if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. . . . The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the

benefit of the agency's findings and conclusions. . . .
The doctrine of exhaustion furthers the salutary goals of
relieving the courts of the burden of deciding questions
entrusted to an agency . . . in advance of possible judi-
cial review. . . . In addition, the administrative agency
may be able to resolve the issues, making judicial review
unnecessary." (Citations omitted; internal quotation
marks omitted.) *Fish Unlimited* v. *Northeast Utilities
Service Co.*, 254 Conn. 1, 11–13, 756 A.2d 262 (2000),
overruled in part on other grounds, *Waterbury* v. *Wash-
ington*, 260 Conn. 506, 545, 800 A.2d 1102 (2002).

## A

We first address the defendant's argument that the
plaintiff, in the first instance, could have ignored the
town planner's direction to seek a special exception
permit and instead sought a certificate of zoning compli-
ance, and whether that amounts to a failure to exhaust
administrative remedies. The defendant argues that had
the zoning enforcement officer issued the certificate of
zoning compliance, the plaintiff would have had no
obligation to apply as directed for a special exception
permit. On the other hand, if the zoning enforcement
officer denied the plaintiff a certificate of zoning compli-
ance on the basis of its failure to seek a special excep-
tion, the defendant argues, then the plaintiff would have
had available to it two administrative options. It could
have submitted to the special exception and raised the
issue to the commission. Alternatively, according to
the defendant, the plaintiff could have appealed to the
zoning board of appeals from the decision of the
town official.[1]

---

[1] We note that there is some ambiguity as to which town official is being
referred to by the defendant in its brief. The administrative regulatory
scheme specifically provides for appeal to the zoning board of appeals from
an adverse decision of the zoning enforcement officer. In light of the line
of the defendant's argument, it would be logical to assume that that is the
official referred to as the town official. The defendant argues in its brief: "[I]f
the plaintiff believed its plans for the concrete mixing plant was something it
could do 'as of right,' it should have proceeded with an application for

"Generally, it is the function of a zoning board or commission to decide within prescribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply." (Internal quotation marks omitted.) *Raymond* v. *Zoning Board of Appeals*, 76 Conn. App. 222, 228, 820 A.2d 275, cert. denied, 264 Conn. 906, 826 A.2d 177 (2003). The defendant has not cited any cases in support of its proposition that an applicant for a special exception may attempt an "end run" around the regulatory authority responsible for granting such special exceptions by simply ignoring that authority's requirement that the applicant appear before it. The Manchester zoning regulations also do not support the defendant's argument. Even if, in the best scenario presented by the defendant, the zoning enforcement officer had granted the certificate of zoning compliance without requiring the special exception permit, the plaintiff would still be faced with the commission's contrary interpretation of the regulatory requirements.

zoning approval. Had the zoning enforcement officer denied that application and ruled that a special permit was required, the plaintiff could have taken [an] appeal to the zoning board of appeals." The defendant, however, appears to conflate the town's zoning enforcement officer, building inspector and town planner. Thus, the defendant argues: "If the *zoning enforcement officer* denied the plan . . . the plaintiff would have had two alternatives. . . . The second course would be to avail itself of its regulatory right to appeal to the zoning board of appeals . . . . The [zoning board of appeals] has the power to hear and decide appeals where it is alleged [that] there is error in any order, requirements or decision made by the *building inspector*. . . . If the plaintiff believed that the *town planning official* was wrong . . . the plaintiff should have gone to the [zoning board of appeals]. Cf. *Borden* v. *Planning & Zoning Commission*, 58 Conn. App. 399, 409, 755 A.2d 224, cert. denied, 254 Conn. 921, 759 A.2d 1023 (2000)." (Citations omitted; emphasis added.)

We note that *Borden* involved only the question of whether an appeal from the zoning enforcement officer's decision should have been taken to the zoning commission or the zoning board of appeals. It did not discuss the necessity of challenging a zoning commission's interpretation of the zoning regulations by seeking a certificate of compliance from the zoning enforcement officer.

The Manchester zoning regulations specifically charge the planning and zoning commission as the regulatory authority responsible for applications for special exceptions involving the development of more than four acres. Manchester Zoning Regs., article II, § 16.15.02. Nothing in those regulations grants the zoning enforcement officer the authority to trump a determination of the commission regarding the requirement to apply for a special exception permit.[2] Thus, we conclude that under the circumstances, the plaintiff properly followed the administrative procedures set forth in the pertinent regulations and did not fail to exhaust its administrative remedies by failing to seek a certificate of compliance from the zoning enforcement officer.

B

We next address the defendant's argument that the plaintiff's failure to raise to the commission the applicability of the special exception requirement constitutes a failure to exhaust the administrative remedies available to the plaintiff and consequently deprived the court of subject matter jurisdiction.

"The [exhaustion] doctrine is applied in a number of different situations and is, like most judicial doctrines, subject to numerous exceptions. . . . [W]e have recognized such exceptions only infrequently and only for narrowly defined purposes . . . such as when recourse to the administrative remedy would be futile or

[2] Article V, § 4.01, of the Manchester zoning regulations provides in relevant part: "No land shall be occupied or used, and no buildings hereafter erected or altered, shall be occupied or used, in whole or in part, for any purpose whatsoever . . . until a Certificate of Zoning Compliance shall have been issued by the zoning enforcement officer, stating that the premises or building complies with all provisions of the Zoning Regulations."

Article V, § 4.03, of the Manchester zoning regulations provides: "No permit for excavation for, or the erection of, any building shall be issued before a Certificate of Zoning Compliance has been issued. No building or premises, for which a certificate of Zoning Compliance is required, may be occupied until such Certificate shall have been issued."

inadequate. In light of the policy behind the exhaustion doctrine, these exceptions are narrowly construed." (Citations omitted; internal quotation marks omitted.) *Fish Unlimited* v. *Northeast Utilities Service Co.,* supra, 254 Conn. 13. "For example, a mere conclusory assertion that the administrative agency will not reconsider its decision does not mean that resort to the agency would be futile; *Polymer Resources, Ltd.* v. *Keeney,* 227 Conn. 545, 561, 630 A.2d 1304 (1993); nor does the fact that the fact finder previously indicated how it would decide the claim. *Housing Authority* v. *Papandrea,* 222 Conn. 414, 428–30, 610 A.2d 637 (1992). Futility is more than mere allegation that the administrative agency might not grant the relief requested. *Concerned Citizens of Sterling* v. *Sterling,* 204 Conn. 551, 559–60, 529 A.2d 666 (1987)." *Wallingford Center Associates* v. *Board of Tax Review,* 68 Conn. App. 803, 809–10, 793 A.2d 260 (2002).

In the present case, the plaintiff challenges the commission's interpretation and application of the special exception procedures contained in the town's zoning regulations. The defendant argues that the record is devoid of any input from the commission as to how that agency interprets the pertinent regulations. We disagree and find that the commission did in fact take a position on the proper interpretation of the regulations. Both during the hearing and on appeal, the commission consistently has expressed its belief that the proper interpretation of the relevant zoning regulations required the plaintiff to apply for a special exception permit on the basis of the overall size of the plaintiff's property.

That situation differs from those cases in which our Supreme Court has found a failure to exhaust administrative remedies when a party has failed to seek a ruling from an administrative body on the basis of that body's public statements declaring how it would rule on a certain issue. See *Polymer Resources, Ltd.* v. *Keeney,*

supra, 227 Conn. 561 (conclusory assertion that agency will not reconsider decision); *Housing Authority* v. *Papandrea*, supra, 222 Conn. 428–30 (prior statement by fact finder how it would decide issue). In each of those cases, the statements relied on to establish that the administrative body had reached a decision and that resort to the administrative process would be futile were made outside of the normal administrative process. See *Polymer Resources, Ltd.* v. *Keeney*, supra, 561; *Housing Authority* v. *Papandrea*, supra, 428–30. It also is worth noting that in each of those cases, the party claiming futility had eschewed administrative relief completely by failing to appear before the administrative body. Thus, for both of those reasons, there had been no final action on which an appeal could be predicated.

In the present case, the town planner had told the plaintiff that it had to apply for a special exception because its property consisted of more than four acres. The plaintiff duly complied and presented to the commission an application for a special exception. The commission accepted the application, held a public hearing to decide the issue and denied the plaintiff's application. In the subsequent appeals, the commission consistently has reiterated that it interprets the pertinent regulations, consistent with its action during the hearing on the plaintiff's application, as requiring a special exception permit for projects on property consisting of more than four acres.

Far from involving a conclusory allegation as to how the commission *may* have interpreted the regulation before us, the present appeal involves the commission's actual, concrete interpretation of the regulation on the record. To require the plaintiff, therefore, essentially to seek a declaratory judgment from the commission regarding its consistent interpretation of the relevant zoning regulation serves no useful purpose. Accord-

ingly, we conclude that a remand to the commission does not hold the prospect of the plaintiff's gaining the relief that it seeks and that seeking such relief from the commission would be futile.

## II

We next address the defendant's claim that the court improperly interpreted and misapplied the commission's regulations by concluding that the commission improperly required the plaintiff to submit an application for a special exception to construct a concrete manufacturing facility, covering less than four acres, in an existing industrial zone solely on the ground that the total lot size of the plaintiff's property was more than four acres.

Our review of the court's interpretation of the zoning regulations is plenary. *Vivian* v. *Zoning Board of Appeals*, 77 Conn. App. 340, 344, 823 A.2d 374 (2003). Thus, we must determine whether the conclusions reached by the court are legally and logically correct and supported by the facts in the record. Id., 344–45. "Generally, it is the function of a zoning [commission] . . . to decide within prescribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply. The trial court had to decide whether the [commission] correctly interpreted the section [of the regulations] and applied it with reasonable discretion to the facts. . . . In applying the law to the facts of a particular case, the [commission] is endowed with . . . liberal discretion, and its action is subject to review . . . only to determine whether it was unreasonable, arbitrary or illegal. . . .

"A local board or commission is in the most advantageous position to interpret its own regulations and apply them to the situations before it. . . . Although the posi-

tion of the municipal land use agency is entitled to some deference . . . the interpretation of provisions in the ordinance is nevertheless a question of law for the court. . . . The court is not bound by the legal interpretation of the ordinance by the [commission]. . . .

"The regulation is a local legislative enactment, and in its interpretation we seek to discern the intent of the legislative body as manifested in the words of the regulation. . . . Since zoning regulations are in derogation of common law property rights, however, the regulation cannot be construed beyond the fair import of its language to include or exclude by implication that which is not clearly within its express terms. . . . The words employed by the local legislative body are to be interpreted in accordance with their natural and usual meaning . . . . [W]here more than one interpretation of language is permissible, restrictions upon the use of lands are not to be extended by implication . . . [and] doubtful language will be construed against rather than in favor of a [restriction] . . . ." (Citation omitted; internal quotation marks omitted.) *Farrior* v. *Zoning Board of Appeals*, 70 Conn. App. 86, 89–90, 796 A.2d 1262 (2002).

"A court must interpret a statute as written . . . and it is to be considered as a whole, with a view toward reconciling its separate parts in order to render a reasonable overall interpretation. . . . The language of the ordinance is construed so that no clause or provision is considered superfluous, void or insignificant. . . . Common sense must be used in construing the regulation, and we assume that a rational and reasonable result was intended by the local legislative body." (Internal quotation marks omitted.) *Vivian* v. *Zoning Board of Appeals*, supra, 77 Conn. App. 345.

Article II, § 16.15.02 (a), of the zoning regulations mandates that "[a]ll uses which include development

of an area in excess of four (4) acres" require approval by the planning and zoning commission after a public hearing. Section 16.02 of the regulations, governing "the regulating of large site development" in industrial zones, requires that "development of sites in excess of four (4) acres . . . be subject to special exception approval." The court determined that interpretation of the words "area" and "site" was the key to understanding the proper scope of the regulations. The court concluded that the special exception permitting process was not triggered by the size of the overall lot on which a proposed development project will sit, but rather by the area of that lot that will be subject to disturbance as a result of the development.

Following our independent review of the pertinent zoning regulations, we agree with the court's interpretation. It seems clear that as used in the regulations, both area and site connote something different from an entire lot such as would be described within a deed of ownership and recorded in the land records. Article I, § 2, of the zoning regulations defines "lot" as a "parcel of land to be occupied by one principal building or by a group of principal buildings and the accessory buildings or uses incident thereto, including such open spaces as are required by these regulations and such open spaces as are used in connection with the buildings." The zoning regulations do not contain any specific definition of the terms area or site. Nevertheless, their meaning can be divined from the context in which they are used within the relevant sections of the zoning regulations.

Section 16.01 requires that the "development of the site shall be engineered and developed so that the landscape will be preserved in its natural state insofar as practicable by minimizing soil and tree removal, and all grade changes shall be designed so that the finished levels and contours will blend harmoniously with the natural and undisturbed landscape. . . ." Section 16.02

requires that "*development* of sites in excess of four (4) acres . . . be subject to special exception approval." (Emphasis added.) Finally, § 16.15.02 (a) mandates that "[a]ll uses which include *development* of an area in excess of four (4) acres" require approval by the commission after a public hearing. (Emphasis added.) Article I, § 2, of the zoning regulations defines "development" as "any construction or grading activities or removal of vegetation to improved or unimproved real estate." Thus, we conclude that properly interpreted, the regulations requiring special exception permits for large site development are concerned with the area of disturbance associated with the proposed construction activity, taking into account the actual construction of buildings and associated infrastructure as well as any ancillary landscaping.

The judgment is affirmed.

In this opinion the other judges concurred.