JOHN CALTABIANO ET AL. *v.* L AND L REAL ESTATE
HOLDINGS II, LLC, ET AL.
(AC 29256)

Bishop, Harper and West, Js.

Argued February 3—officially released July 27, 2010

*Laurence V. Parnoff*, for the appellants (plaintiffs).

*Duncan J. Forsyth*, with whom were *Ernesto Castillo* and, on the brief, *Thomas C. Blatchley*, for the appellees (defendant John Raffa et al.).

*Opinion*

WEST, J. The plaintiffs, John Caltabiano[1] and The Dohnna, LLC, appeal from the judgment of the trial court granting the motion to dismiss filed by the defendant L & L Real Estate Holdings II, LLC (L & L).[2] On appeal, the plaintiffs claim that the trial court improperly concluded that it lacked subject matter jurisdiction.[3] We affirm the judgment of the trial court.

[1] During oral argument before this court, it came to light that Caltabiano had died and that no one had been substituted for him in the present action. This court subsequently granted a motion to substitute Donna C. Vogel, executrix of the estate of John Caltabiano, as a plaintiff.

[2] In addition to L & L, the defendants in this action are Cumberland Farms, Inc., Westbrook first selectman John Raffa, Westbrook building official Roger Zito, the zoning commission of the town of Westbrook, Westbrook zoning enforcement officer Anthony Beccia, the zoning board of appeals of the town of Westbrook, Robert Landino and BL Companies, Inc.

On November 16, 2007, L & L filed a motion to dismiss this appeal for lack of a final judgment. This court granted the motion to dismiss as to L & L only on February 27, 2008, because the third count of the amended complaint remained pending as to L & L. See *Brown* v. *Soh*, 280 Conn. 494, 508 n.8, 909 A.2d 43 (2006); Practice Book § 61-4. Thereafter, on April 16, 2008, this court, on its own motion, dismissed the appeal for lack of a final judgment as to Cumberland Farms, Inc., Landino and BL Companies, Inc., on the same ground. Because the third count of the amended complaint did not include the defendants associated with the town of Westbrook, the appeal remained pending as to them, and it is those parties who are the defendants in this appeal.

[3] The plaintiffs also claim that the court improperly concluded that (1) they failed to state a cognizable cause of action and (2) Caltabiano did not have standing in this case. Because we conclude that the court did not have jurisdiction over this matter, we need not consider those issues.

The following facts and procedural history are relevant to the resolution of the plaintiffs' appeal. Cumberland Farms, Inc., is the owner of commercial property located at 1211-1223 Boston Post Road, within the commercial town center district of Westbrook. The Dohnna, LLC, of which Caltabiano is an owner, owns the abutting property. In 2004, L & L applied to the zoning board of appeals of the town of Westbrook (board) for variances from the zoning regulations that would allow it to demolish the existing structures on the subject property owned by Cumberland Farms, Inc., and to replace them with two retail buildings and related signage.[4] L & L argued that it was "[n]ot possible to develop this environmentally compromised property which constitutes an eyesore in downtown Westbrook without the requested variances to bring in a quality developer/occupant; property configuration and parking provide further hardship." Following public hearings on January 26 and March 23, 2005, the board found that L & L had demonstrated adequate hardship as a result of the unique size and shape of the lot in question, and granted the variances.

On March 3, 2005, in his capacity as Westbrook zoning enforcement officer, Anthony Beccia filed a petition to amend the zoning regulations on behalf of the town. The petition sought to amend § 8.04.00, which limited the use of drive-up windows to banks in the commercial town center district with certain design requirements.

---

[4] The application requested variances from Westbrook Zoning Regulations §§ 4.56.04 and 10.27.03. Section 4.56.04 provides that the minimum yard requirements are: "[a] Front Yard: Minimum: Five (5) feet. Maximum: Twenty (20) feet. [b] Side Yard: One side, six (6) feet. Second side, twenty (20) feet. [c] Rear Yard: Thirty-five (35) feet." Section 10.27.03 pertains to maximum signage area and provides: "Only one sign per business, freestanding or attached to, but not painted on the building, the principal sign area not to exceed the following: Commercial Town Center (CTC), 9 square feet . . . . In addition to the above, a supplemental sign not to exceed two (2) square feet."

Following review of the amendments by the Westbrook planning commission, pursuant to General Statutes § 8-3a, and a finding that the amendments were consistent with the master plan of development, public hearings were held on April 26, 2005. Thereafter the Westbrook zoning commission (zoning commission) voted to approve the amendments, which allowed drive-up windows in areas outside of the commercial town center district and allowed pharmacies to have drive-up windows in those areas in which drive-up windows were then permitted.

The plaintiffs appealed from the decisions by the board and the zoning commission to the Superior Court, pursuant to General Statutes § 8-8 (b).[5] The court, *Aurigemma, J.,* dismissed those appeals on October 6 and November 21, 2006, respectively. *Caltabiano* v. *Zoning Board of Appeals*, Superior Court, judicial district of Middlesex, Docket No. CV-05-4002899S (October 6, 2006); *Caltabiano* v. *Zoning Commission*, Superior Court, judicial district of Middlesex, Docket No. CV-05-4003006-S (November 21, 2006). The plaintiffs did not file a petition for certification to appeal to this court, pursuant to § 8-8 (o),[6] in either case.

[5] General Statutes § 8-8 (b) provides: "Except as provided in subsections (c), (d) and (r) of this section and sections 7-147 and 7-147i, any person aggrieved by any decision of a board, including a decision to approve or deny a site plan pursuant to subsection (g) of section 8-3 or a special permit or special exception pursuant to section 8-3c, may take an appeal to the superior court for the judicial district in which the municipality is located, notwithstanding any right to appeal to a municipal zoning board of appeals under section 8-6. The appeal shall be commenced by service of process in accordance with subsections (f) and (g) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes. The appeal shall be returned to court in the same manner and within the same period of time as prescribed for civil actions brought to that court."

[6] General Statutes § 8-8 (o) provides: "There shall be no right to further review except to the Appellate Court by certification for review, on the vote of two judges of the Appellate Court so to certify and under such other rules as the judges of the Appellate Court establish. The procedure on appeal to the Appellate Court shall, except as otherwise provided herein, be in

The plaintiffs thereafter commenced an action by service of a writ of summons and a complaint dated January 23, 2007. An amended complaint was filed on April 9, 2007. The first two counts of the three count amended complaint attack the decisions of the board and zoning commission, as well as three decisions regarding applications for an unrelated project referred to as Westbrook Flat Rock, LLC (Flat Rock). The first count, which concerned the property located at 1211-1223 Boston Post Road, sought to have the court issue orders "rescind[ing]" the variances and approval of the amendments and enjoining town officials from issuing permits based on the approvals. The plaintiffs' first count further requested that the court enjoin L & L from "acting upon" the approvals, order L & L to "restore" the subject property and order that the first selectman "compel" the zoning commission and board to rescind their approvals. The second count, which concerned Flat Rock, asked the court to order the defendants to "rescind" applications regarding the property and to enjoin town officials from "acting" on the applications and from making any changes to the flow of traffic that would affect the plaintiffs' nearby property.

L & L moved to dismiss the first and second counts of the amended complaint. It argued that the court lacked subject matter jurisdiction because the two counts were an attempt to raise issues for which the exclusive remedy is an administrative appeal. The plaintiffs contended that the approvals of the variances and zoning regulation changes were effected by improper and unethical conduct by Robert Landino and his engineering firm, BL Companies, Inc. (BL), which tainted the decisions made by the board and zoning commission. Concluding that the plaintiffs should have raised

accordance with the procedures provided by rule or law for the appeal of judgments rendered by the Superior Court unless modified by rule of the judges of the Appellate Court."

those claims in their direct appeal pursuant to § 8-8 (b), the court, *Arnold, J.,* dismissed those counts of the amended complaint in their entirety. This appeal followed.

The plaintiffs claim that the court improperly concluded that it lacked subject matter jurisdiction over the action. Specifically, they argue that they exhausted their administrative remedies by appealing from the decisions of the board and zoning commission and, thus, the court could hear the action seeking injunctive relief, and, even if they had failed to exhaust their administrative remedies, this case falls within an exception to the exhaustion doctrine because it would have been futile to further appeal from the court's decision.[7] Because allowing the plaintiffs to proceed with the present action would constitute a collateral attack on the judgments rendered in their direct appeals, we disagree.

"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss [is] de novo." (Internal quotation marks omitted.) *R.C. Equity Group, LLC* v. *Zoning Commission,* 285 Conn. 240,

[7] To the extent that the plaintiffs argue that § 8-8; see footnote 5 of this opinion; does not divest the court of subject matter jurisdiction over this case, we note that § 8-8 governs the appeal from a decision of a zoning board or commission to the Superior Court, not a collateral attack on the court's decision affirming the action of the board or commission. Subject matter jurisdiction over a case, as in the present action, which seeks a remedy that could be provided through an administrative proceeding, does not vest in the Superior Court until a party has exhausted that remedy in the administrative appeals process. See, e.g., *Balf Co.* v. *Planning & Zoning Commission,* 79 Conn. App. 626, 629–30, 830 A.2d 836, cert. denied, 266 Conn. 927, 835 A.2d 474 (2003).

248, 939 A.2d 1122 (2008). Furthermore, "[w]e have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Internal quotation marks omitted.) *Vitale* v. *Zoning Board of Appeals*, 279 Conn. 672, 678, 904 A.2d 182 (2006).

A brief overview of the statutory scheme that governs administrative appeals, including land use appeals, is necessary to our resolution of this issue. "There is no absolute right of appeal to the courts from a decision of an administrative agency. . . . Appeals to the courts from administrative [agencies] exist only under statutory authority . . . . Appellate jurisdiction is derived from the . . . statutory provisions by which it is created, and can be acquired and exercised only in the manner prescribed. . . . In the absence of statutory authority, therefore, there is no right of appeal from a planning commission's decision . . . ." (Internal quotation marks omitted.) *Nine State Street, LLC* v. *Planning & Zoning Commission*, 270 Conn. 42, 46, 850 A.2d 1032 (2004). "Under our exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. . . . In the absence of exhaustion of that remedy, the action must be dismissed." (Internal quotation marks omitted.) *George* v. *Watertown*, 85 Conn. App. 606, 609–10, 858 A.2d 800, cert. denied, 272 Conn. 911, 863 A.2d 702 (2004).

As an initial matter, the second count of the plaintiffs' amended complaint, which considers decisions of the board and zoning commission concerning Flat Rock, is devoid of any reference to an underlying administrative appeal. "[W]hen a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test. . . . The only relevant exception to this rule is where the administrative action is void." (Citations omitted.) *Carpenter* v. *Planning & Zoning Commission*, 176 Conn. 581, 598, 409 A.2d 1029 (1979). The plaintiffs failed to bring an administrative appeal and make no argument that the administrative action is void. We thus decline to consider further the second count of the amended complaint. The court properly dismissed that count.

With regard to the first count of the amended complaint, both sides agree that the plaintiffs did not petition this court for certification to appeal from the trial court's decision. General Statutes § 8-8 (o) ("There shall be no right to further review except to the Appellate Court by certification for review, on the vote of two judges of the Appellate Court so to certify and under such other rules as the judges of the Appellate Court establish. The procedure on appeal to the Appellate Court shall, except as otherwise provided herein, be in accordance with the procedures provided by rule or law for the appeal of judgments rendered by the Superior Court unless modified by rule of the judges of the Appellate Court."). The plaintiffs thus failed to exhaust their administrative remedies.

"Notwithstanding the important public policy considerations underlying the exhaustion requirement, our Supreme Court has grudgingly carved several exceptions from the exhaustion doctrine . . . although only infrequently and only for narrowly defined purposes."

(Citation omitted; internal quotation marks omitted.) *Sobczak* v. *Board of Education*, 88 Conn. App. 99, 103–104, 868 A.2d 112, cert. denied, 273 Conn. 941, 875 A.2d 43 (2005). "One of the limited exceptions to the exhaustion rule arises when recourse to the administrative remedy would be demonstrably futile or inadequate. . . . It is well established that [a]n administrative remedy is futile or inadequate if the agency is without authority to grant the requested relief. . . . It is futile to seek a remedy only when such action could not result in a favorable decision and invariably would result in further judicial proceedings." (Citations omitted; internal quotation marks omitted.) *Neiman* v. *Yale University*, 270 Conn. 244, 258–59, 851 A.2d 1165 (2004).

The plaintiffs contend that exhaustion of the administrative appeals process was futile because the record did not include all of the evidence that was necessary to overturn the decisions of the board and zoning commission. According to the plaintiffs, prior to July 25, 2006, Landino represented that he was a licensed engineer and appeared on behalf of BL at hearings before the town, board and zoning commission where he made professional representations regarding L & L's applications for variances. The plaintiffs claim, however, that at the public hearing on July 25, 2006, Landino represented that he was no longer working for BL, that he was, and had been for the previous thirty months, a developer, not a professional engineer, and that he had a financial interest in L & L. The plaintiffs also allege that he made a more extensive disclosure on August 21, 2006, stating that he was a one-third partner in both L & L and Flat Rock. The plaintiffs claim that this financial interest taints any favorable decisions made by the board and zoning commission that considered engineering representations made by Landino.

That argument is one that should have been raised in the direct appeal from the action of the zoning board.

Section 8-8 (k) provides in relevant part: "The court shall review the proceedings of the board and shall allow any party to introduce evidence in addition to the contents of the record if . . . (2) it appears to the court that additional testimony is necessary for the equitable disposition of the appeal. . . ." Our Supreme Court has further interpreted § 8-8 to give parties "the right to produce any relevant evidence . . . to support their allegations that the commission's action was illegal or unreasonable." *Chucta* v. *Planning & Zoning Commission*, 154 Conn. 393, 397, 225 A.2d 822 (1967).

The plaintiffs, however, made no effort to submit evidence to the court concerning Landino's alleged tainting of the decisions of the board and zoning commission. The plaintiffs' failure to do so was despite the fact that the hearing at which Landino's financial interest came to light occurred on July 25, 2006, and the court did not render its decisions until October 6 and November 21, 2006. The plaintiffs contend that this is because they did not have a transcript of the hearing until after the court had rendered its decisions, but there is no evidence that they alerted the court to Landino's statements or that they were awaiting transcripts of the statements. The plaintiffs had the responsibility to attempt to present this evidence to the court, and their failure to do so does not make those actions ones that could not result in favorable decisions.

Even though the plaintiffs did not exhaust their administrative remedies, there are certain instances in which parties may institute collateral actions. "In *Upjohn Co.* v. *Zoning Board of Appeals*, 224 Conn. 96, 102, 616 A.2d 793 (1992), we reaffirmed and applied the general rule that one may not institute a collateral action challenging the decision of a zoning authority. We stated that the rule requiring interested parties to challenge zoning decisions in a timely manner rest[s] in large part . . . on the need for stability in land use planning and

the need for justified reliance by all interested parties—the interested property owner, any interested neighbors and the town—on the decisions of the zoning authorities." (Internal quotation marks omitted.) *Torrington* v. *Zoning Commission*, 261 Conn. 759, 767, 806 A.2d 1020 (2002). Although the court further noted that "a collateral attack may be justified in exceptional cases in which a previously unchallenged condition was so far outside what could have been regarded as a valid exercise of zoning power that there could not have been any justified reliance on it, or in which the continued maintenance of a previously unchallenged condition would violate some strong public policy, the defendants have not endeavored to make such a showing in this case." (Internal quotation marks. omitted.) *Lallier* v. *Zoning Board of Appeals*, 119 Conn. App. 71, 79, 986 A.2d 343, cert. denied, 295 Conn. 914, 990 A.2d 345 (2010).

We note that the conditions now complained of were challenged previously in the appeals to the Superior Court. Additionally, the plaintiffs fail to make any argument that either the board or zoning commission exceeded its power. The only attack they make on the decisions of the board and zoning commission is that the decisions violated public policy because they were tainted by the representations made by Landino at the public hearings. Not only did the plaintiffs fail to raise Landino's conflict of interest at the appropriate time, but they have not alleged any misconduct or conflict of interest by members of the board or zoning commission of the sort that would rise to the level of a public policy violation sufficient to support a collateral attack. See *Gangemi* v. *Zoning Board of Appeals*, 255 Conn. 143, 150–51, 763 A.2d 1011 (2001) (continued maintenance of no rental condition violates strong public policy against restrictions on free alienability of property). The plaintiffs thus cannot maintain a collateral action,

and because they failed to exhaust their administrative remedies by not seeking certification to appeal to this court from the October 6 and November 21, 2006 dismissals of their actions, the court properly concluded that it lacked subject matter jurisdiction.

The judgment is affirmed.

In this opinion the other judges concurred.