BRENDA UNGERLAND *v.* MORGAN STANLEY
AND COMPANY, INC., ET AL.
(AC 32390)

Bear, Espinosa and Sullivan, Js.

Argued October 17, 2011—officially released January 3, 2012

*Thomas P. Willcutts*, for the appellant (plaintiff).

*Toby S. Soli*, with whom, on the brief, was *George D. Sullivan*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Brenda Ungerland, appeals from the judgment of the trial court dismissing her complaint against the defendants, Morgan Stanley & Company, Inc. (Morgan Stanley), and Sharon Kells, an

agent of Morgan Stanley. The plaintiff alleges that the court improperly determined that her claims amounted to a collateral attack on an arbitration award and erroneously decided as a result that it lacked subject matter jurisdiction to consider them. We affirm the judgment of the trial court.

The following undisputed facts are relevant to our consideration of the plaintiff's appeal. The plaintiff was a customer of Morgan Stanley. In August, 2001, the defendants gave the plaintiff investment recommendations, which the plaintiff claims caused her to sustain $400,000 in principal losses. On May 14, 2002, the plaintiff instituted an arbitration proceeding with the National Association of Securities Dealers, Inc. (association), against the defendants, alleging that the defendants' investment recommendations had been "false and fraudulent . . . ." During the arbitration proceeding, the defendants represented that certain records pertaining to the plaintiff's account had been destroyed as a result of the September 11, 2001 attack on the World Trade Center in New York City. The association issued an award of compensatory damages to the plaintiff in the amount of $9539. The plaintiff did not move to vacate, modify or correct this award.

In December, 2006, the association determined that Morgan Stanley had deliberately destroyed records relevant to various arbitration proceedings, including those brought by the plaintiff. The association instituted charges against Morgan Stanley on the basis of this finding. In 2007, the association merged with the New York Stock Exchange to form the Financial Industry Regulatory Authority (regulatory authority). Later that year, the regulatory authority accepted a "Letter of Acceptance, Waiver and Consent" from Morgan Stanley in settlement of the charges initially made by the association.[1]

---

[1] On March 20, 2009, the regulatory authority notified the plaintiff that she had been identified as a potential claimant to a fund that had been

Instead of participating in this settlement, the plaintiff on June 12, 2009, filed a complaint in Superior Court in the judicial district of Hartford, alleging common-law intentional spoliation of evidence and a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The plaintiff asserted that, because she could not present the records allegedly destroyed by Morgan Stanley, she could not establish a prima facie case in support of certain claims she had raised during the arbitration proceeding, resulting in her having received no award of damages for these claims. The defendants filed a motion to dismiss the complaint on July 23, 2009, contending that the plaintiff had failed to move to vacate the arbitration award in a timely fashion and that, therefore, the present action constituted an impermissible collateral attack on a valid arbitration award. The court granted the defendants' motion on April 5, 2010. On April 26, 2010, the plaintiff filed a motion to reargue, which the court denied on June 3, 2010. The plaintiff filed the present appeal on June 24, 2010.[2]

established pursuant to the settlement to compensate victims of Morgan Stanley's alleged misconduct. The fund required participating claimants to "waive any right to seek any other payment from Morgan Stanley that is intended as punishment for the failure to produce pre-September 11, 2001 e-mail[s]." The potential award available to each claimant through the fund was capped at $20,000. The plaintiff chose not to participate in the settlement in order to avoid waiving any potential claims against Morgan Stanley.

[2] In addition to her claim that the ultimate result reached by the court was in error, the plaintiff also claims that the court improperly failed to hold an evidentiary hearing concerning whether her arbitration award had been opened. According to the plaintiff, there were factual questions regarding the meaning of Morgan Stanley's "Letter of Acceptance, Waiver and Consent." Specifically, the plaintiff characterizes as factual the question of whether this letter opened her arbitration award. Therefore, the plaintiff asserts that due process required that an evidentiary hearing be held in order to ascertain the letter's meaning. We do not agree. The letter is unambiguous on its face. The issue of whether it opened her arbitration award was therefore a legal question; see, e.g., *O'Connor* v. *Waterbury*, 286 Conn. 732, 744, 945 A.2d 936 (2008) ("[i]f a contract is unambiguous within its four corners, intent of the parties is a question of law requiring plenary review" [internal quotation marks omitted]); and due process did not require

We review the court's dismissal of the plaintiff's complaint de novo. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests . . . whether . . . the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss [is] de novo. . . . Furthermore, [w]e have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction." (Citation omitted; internal quotation marks omitted.) *Caltabiano* v. *L & L Real Estate Holdings II, LLC*, 122 Conn. App. 751, 757–58, 998 A.2d 1256 (2010).

After considering the record, briefs and arguments of the parties on appeal, we conclude that the judgment of the trial court should be affirmed. Because the court's memorandum of decision fully addresses the claims raised in this appeal, we adopt its thorough and well reasoned decision as a statement of the facts and the applicable law on the issue. See *Ungerland* v. *Morgan Stanley & Co.*, 52 Conn. Sup. 164, 35 A.3d 1095 (2010). Any further discussion by this court would serve no useful purpose. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010).

The judgment is affirmed.

an evidentiary hearing. See *Amore* v. *Frankel*, 228 Conn. 358, 369, 636 A.2d 786 (1994) ("in the absence of any disputed issues of fact pertaining to jurisdiction, there was no need to hold an evidentiary hearing before deciding the motion to dismiss").