JOSEPHINE PERRONE, CO-ADMINISTRATRIX
(ESTATE OF DANIEL RILEY), ET AL. *v.*
STATE OF CONNECTICUT ET AL.
(AC 31073)

Gruendel, Alvord and Mihalakos, Js.

Argued April 7—officially released July 6, 2010

*Donn A. Swift,* with whom, on the brief, was *Benjamin D. Gettinger,* for the appellants (plaintiffs).

*Thomas J. Davis, Jr.,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (named defendant).

*Opinion*

ALVORD, J. The plaintiffs, Josephine Perrone and Gail Perrone, administratrices of the estate of Daniel Riley, appeal from the judgment of the trial court dismissing their negligence action against the defendant state of Connecticut.[1] On appeal, the plaintiffs claim that

---

[1] In their complaint, the plaintiffs also named five judicial marshals as individual defendants and claimed that they violated Riley's civil rights and intentionally inflicted emotional distress. The court dismissed count one of a six count complaint, which was the only count directed against the state. Thus, there still are pending counts in the trial court with respect to the individual defendants. The state is the only defendant in this action on appeal. Because the partial judgment disposed of all causes of action against the state, there is a final judgment for purposes of this appeal. See Practice Book § 61-3.

the court improperly concluded that it lacked subject matter jurisdiction because the plaintiffs' claim against the state was barred by the doctrine of sovereign immunity. We affirm the judgment of the trial court.

The record and the complaint reveal the following undisputed facts and procedural history.[2] On April 3, 2005, Daniel Riley, while being held in custody, committed suicide by hanging himself at the Union Avenue detention center in New Haven. By letter dated July 29, 2005, the attorney for the estate of Riley filed a claim with the claims commissioner (commissioner), seeking permission to bring an action against the state for Riley's wrongful death. On November 29, 2006, the plaintiffs filed the present action in the Superior Court. By motion filed November 30, 2006, the state moved to dismiss the claim filed with the commissioner on the ground that the commissioner lacked subject matter jurisdiction over "claims upon which suit is otherwise authorized by law including suits to recover similar relief arising from the same set of facts." On January 23, 2007, the state filed a motion to dismiss count one of the complaint in the present action, claiming that the court lacked jurisdiction because sovereign immunity barred the plaintiffs' negligence claim against the state. By decision dated March 2, 2007, the commissioner dismissed the claim pending before him because "[b]oth the claimant's civil rights lawsuit and the instant claim seek money damages and therefore satisfy the 'similar relief' requirement of [General Statutes] § 4-142 (2)."

---

[2] "[L]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." (Internal quotation marks omitted.) *Columbia Air Services, Inc.* v. *Dept. of Transportation*, 293 Conn. 342, 347, 977 A.2d 636 (2009). In the present case, the jurisdictional issue was decided on the basis of the complaint and the undisputed facts in the record.

Before the court ruled on the state's motion to dismiss count one of the complaint, the plaintiffs filed a motion to stay the proceedings until the General Assembly ruled on the plaintiffs' request to overturn the decision of the commissioner. The court granted the plaintiffs' motion on March 14, 2007. On April 20, 2009, the plaintiffs filed a notice indicating that the stay should be terminated because "the Committee on Judiciary confirmed the decision of the Claims Commissioner . . . ."[3] By memorandum of decision filed April 29, 2009, the court concluded that it lacked subject matter jurisdiction over the plaintiffs' claim against the state because the commissioner did not grant the plaintiffs permission to bring suit against the state. Accordingly, the court dismissed count one of the complaint. This appeal followed.[4]

We begin by setting forth the applicable standard of review. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo. . . . [T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. . . .

"It is a well-established rule of the common law that a state cannot be sued without its consent. . . . We have held that a plaintiff seeking to circumvent the

---

[3] In their appellate brief, the plaintiffs acknowledged that the decision of the commissioner was ratified by the legislature during the 2008 regular session of the General Assembly in Substitute House Joint Resolution No. 22, File No. 557 (April 9, 2008).

[4] As an initial matter, we note that we have jurisdiction to hear this appeal regardless of whether the trial court had jurisdiction over the plaintiffs' claim in count one of the complaint. See *Gemmell* v. *Lee*, 42 Conn. App. 682, 684 n.3, 680 A.2d 346 (1996) (appellate court has jurisdiction to determine whether trial court had subject matter jurisdiction).

doctrine of sovereign immunity must show that . . . the legislature, either expressly or by force of a necessary implication, statutorily waived the state's sovereign immunity . . . ." (Citations omitted; internal quotation marks omitted.) *Bacon Construction Co.* v. *Dept. of Public Works*, 294 Conn. 695, 706–707, 987 A.2d 348 (2010).

"In the absence of a statutory waiver of sovereign immunity, the plaintiff may not bring an action against the state for monetary damages without authorization from the claims commissioner to do so." *Columbia Air Services, Inc.* v. *Dept. of Transportation*, 293 Conn. 342, 351, 977 A.2d 636 (2009). General Statutes § 4-160 (a) provides: "When the Claims Commissioner deems it just and equitable, the Claims Commissioner may authorize suit against the state on any claim which, in the opinion of the Claims Commissioner, presents an issue of law or fact under which the state, were it a private person, could be liable." "When sovereign immunity has not been waived, the claims commissioner is authorized by statute to hear monetary claims against the state and determine whether the claimant has a cognizable claim. . . . This legislation expressly bars suits upon claims cognizable by the claims commissioner except as he may authorize, an indication of the legislative determination to preserve sovereign immunity as a defense to monetary claims against the state not sanctioned by the [claims] commissioner or other statutory provisions." (Citation omitted; internal quotation marks omitted.) *Miller* v. *Egan*, 265 Conn. 301, 317–18, 828 A.2d 549 (2003).

The plaintiffs argue that they may bring a direct action against the state in the Superior Court because § 4-142 (2) exempts their claim from the claims process. They maintain that they did not need permission to bring the present action against the state because the commissioner made a finding in his decision that the plaintiffs

already had filed an action *authorized by law* in the Superior Court, thereby exempting them from proceeding further with the commissioner.[5] The state argues that the plaintiffs made the election to file both a claim with the commissioner and a civil action in the Superior Court, that both matters were pending at the same time, that the negligence action against the state had been commenced without permission from the commissioner, that § 4-142 (2) precluded the plaintiffs' claim before the commissioner once the plaintiffs filed their civil rights and intentional infliction of emotional distress action in the Superior Court and that adoption of the plaintiffs' interpretation of § 4-142 (2) would undermine the doctrine of sovereign immunity. We agree with the state.

Section 4-142 provides in relevant part: "There shall be a Claims Commissioner who shall hear and determine all claims against the state except . . . (2) claims upon which suit otherwise is authorized by law including suits to recover similar relief arising from the same set of facts . . . ." It is undisputed that the plaintiffs sought permission to bring suit against the state for money damages in the claim that it filed with the commissioner. It also is undisputed that the negligence count against the state in the present case is an action seeking money damages. The facts underlying the claim and the relevant count in the civil lawsuit, as set forth in the claim and the complaint, are identical. The theories of recovery differ, in part, however, because the plaintiffs brought suit in the Superior Court against the judicial marshals for civil rights violations and intentional infliction of emotional distress.[6]

---

[5] We disagree with the plaintiffs' interpretation of the commissioner's decision in dismissing the claim. Nevertheless, even if the legal conclusions of the commissioner are as stated by the plaintiffs, we are not bound by them. See *Capers* v. *Lee*, 239 Conn. 265, 269 n.7, 684 A.2d 696 (1996).

[6] The plaintiffs did not need permission from the commissioner to bring the present action against the judicial marshals in their *individual*, as opposed to their *official*, capacities. "If the plaintiff's complaint reasonably may be

The commissioner dismissed the plaintiffs' claim because the civil rights lawsuit against the judicial marshals in the Superior Court and the claim before him both sought money damages and arose from the same incident. The commissioner concluded that he therefore lacked subject matter jurisdiction over the claim before him because § 4-142 (2) excepts "claims upon which suit otherwise is authorized by law including suits to recover similar relief arising from the same set of facts . . . ."[7] General Statutes § 4-142 (2). The pre-

construed to bring claims against the defendants in their individual capacities, then sovereign immunity would not bar those claims." *Miller* v. *Egan,* supra, 265 Conn. 307. Counts two through six of the plaintiffs' complaint in the present action clearly indicate that the individual defendants are being sued in their individual capacities.

[7] Public Acts 1996, No. 96-85, amended subsection (2) of § 4-142 to include "suits to recover similar relief arising from the same set of facts . . . ." The summary of Public Act 96-85 provides: "This act specifies that someone who is seeking monetary damages from the state and is authorized by law to file a suit against the state cannot bring a claim based on the same set of facts to the claims commissioner." Office of Legislative Research, Connecticut General Assembly, Summary of 1996 Public Acts (1996) p. 170.

In the legislative history, the testimony of Attorney General Richard Blumenthal before the judiciary committee was supportive of the amendment to the statute. He indicated: "In some limited circumstances, the General Assembly has allowed people to bring a lawsuit directly to the [S]uperior [C]ourt, bypassing the [c]laims [c]ommissioner. The [c]laims [c]ommissioner may not review claims which could be brought directly in the [S]uperior [C]ourt. Specifically, the statute provides that the [c]laims [c]ommissioner is not authorized to review claims 'upon which suit otherwise is authorized by law' . . . .

"Despite the statutory prohibition against the [c]laims [c]ommissioner hearing cases which could be otherwise brought in court, my office is defending several suits simultaneously in two forums—both the [c]laims [c]ommissioner and the [S]uperior [C]ourt—although the claim arises out of the same action of a state employee or official and both requests are for money damages. In essence, these claimants are afforded two opportunities to collect from the state.

"[This amendment] would clarify the original intent of the [c]laims [c]ommissioner statute by specifying that a claimant who is seeking money damages from the state, and who is authorized to bring a direct action in [S]uperior [C]ourt, cannot bring a claim based on the same set of facts simultaneously through the[c]laims [c]ommissioner." Conn. Joint Standing Committee Hearings, Judiciary, Pt. 4, 1996 Sess., p. 785.

sent action against the judicial marshals, brought against them in their individual capacities, was a suit authorized by law, sought the same monetary relief as sought in the claim before the commissioner and arose from the same set of facts as set forth in the claim before the commissioner. On that basis, the commissioner concluded that the claim before him was an excepted claim under § 4-142 (2) and dismissed the claim.[8]

The plaintiffs disagreed with the decision of the commissioner and filed a request for review of that decision by the General Assembly. The General Assembly confirmed the decision. This review by the legislature was their only recourse. The Superior Court lacks jurisdiction to hear appeals from the decisions of the commissioner. "[T]he trial court does not have jurisdiction over an administrative appeal from the claims commissioner's discretionary denial of authorization to bring an action against the state because [t]he commissioner of claims performs a legislative function directly reviewable only by the General Assembly." (Internal quotation marks omitted.) *D'Eramo* v. *Smith*, 273 Conn. 610, 618, 872 A.2d 408 (2005).[9]

We usually limit our review of legislative history to remarks made during the debates on the floor of the House of Representatives or the Senate. *Mahoney* v. *Lensink*, 213 Conn. 548, 559 n.15, 569 A.2d 518 (1990). "We have occasionally, however, cast a wider net, when committee testimony contains particularly compelling evidence about the problem, issue or purpose underlying a statute." Id.

[8] The commissioner most definitely did not say, as claimed by the plaintiffs, that permission to bring suit against the state was not necessary because there already was a pending *civil action against the state* and the individual marshals *that was authorized by law*. The plaintiffs have referenced no statutory provisions that authorize the commencement of a negligence action against the state for money damages in the Superior Court without first having obtained permission from the commissioner to bring that action.

[9] Accordingly, we do not and cannot determine whether the decision of the commissioner dismissing the plaintiffs' claim was proper under these circumstances. "As undesirable as the plaintiff may find this statutory scheme, it nevertheless is the expression of a policy decision committed to the legislature. Thus, [w]e must resist the temptation which this case affords

Simply put, the plaintiffs were denied permission by the commissioner to bring an action against the state, and there is no statutory provision that authorizes the commencement of a negligence action against the state in the Superior Court for money damages without permission from the commissioner or the General Assembly. The doctrine of sovereign immunity therefore bars the plaintiffs' negligence claim against the state, and the court lacked subject matter jurisdiction over that claim. See *Miller* v. *Egan*, supra, 265 Conn. 317–18. Accordingly, the court properly dismissed count one of the plaintiffs' complaint.

The judgment is affirmed.

In this opinion the other judges concurred.

to enhance our own constitutional authority by trespassing upon an area clearly reserved as the prerogative of a coordinate branch of government." (Internal quotation marks omitted.) *184 Windsor Avenue, LLC* v. *State*, 274 Conn. 302, 313, 875 A.2d 498 (2005).