ESTATE OF DONNA BOCHICCHIO *v.* HONORABLE
BARBARA QUINN ET AL.
(AC 32895)

DiPentima, C. J., and Beach and Bishop, Js.

---

Argued November 29, 2011—officially released June 26, 2012

*John R. Logan*, for the appellant (plaintiff).

*Philip Miller*, assistant attorney general, with whom was *Thomas Davis*, assistant attorney general, and, on the brief, *George Jepsen*, attorney general, for the appellees (defendants).

### Opinion

DiPENTIMA, C. J. The plaintiff, the estate of Donna Bochicchio through the administrator, Karl J. Seitz, appeals from the judgment of the trial court dismissing its complaint on the grounds of sovereign immunity.[1] Specifically, the plaintiff argues that the doctrine of sovereign immunity does not apply in this case, and, therefore, the court improperly dismissed its bill of discovery.[2] We conclude that the plaintiff failed to exhaust its administrative remedies, and, therefore, the trial court lacked subject matter jurisdiction to consider the merits of the plaintiff's action. Accordingly, we affirm the judgment of the trial court.

Given the procedural posture of this case, we take the facts from the allegations contained in the plaintiff's complaint. See *Leseberg* v. *O'Grady*, 115 Conn. App. 18,

---

[1] For the sake of convenience and consistency with the parties and the trial court, we refer to the estate of Donna Bochicchio as the plaintiff in this opinion.

[2] "The bill of discovery is an independent action in equity for discovery, and is designed to obtain evidence for use in an action other than the one in which discovery is sought. . . . As a power to enforce discovery, the bill is within the inherent power of a court of equity that has been a procedural tool in use for centuries. . . . The bill is well recognized and may be entertained notwithstanding the statutes and rules of court relative to discovery. . . . Furthermore, because a pure bill of discovery is favored in equity, it should be granted unless there is some well founded objection against the exercise of the court's discretion." (Internal quotation marks omitted.) *H & L Chevrolet, Inc.* v. *Berkley Ins. Co.*, 110 Conn. App. 428, 433, 955 A.2d 565 (2008).

21, 971 A.2d 86 ("[i]n reviewing the trial court's decision to grant a motion to dismiss, we take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader" [internal quotation marks omitted]), cert. denied, 293 Conn. 913, 978 A.2d 1110 (2009). On June 14, 2010, the plaintiff commenced this action for a bill of discovery against the defendants, the Honorable Barbara Quinn and the Honorable Julia Aurigemma, both of whom are judges of the Superior Court. The genesis of this action arose out of a marital dissolution proceeding between the plaintiff's decedent, Donna Bochicchio, and Michael Bochicchio. Michael Bochicchio commenced the dissolution of marriage action in April, 2003, in the judicial district of Litchfield, and the "contentious and hotly disputed dissolution litigation was transferred to the Regional Family Trial Docket" in the judicial district of Middlesex at Middletown. In 2005, the case proceeded to trial before Judge Quinn,[3] and, at that time, Judge Aurigemma served as the administrative judge in Middletown.

During the course of the Middletown proceedings, Michael Bochicchio attempted to enter the courthouse with various prohibited items, including, but not limited to, a pocket knife, a handcuff key, a tape recorder and a handgun. On June 15, 2005, Michael Bochicchio, after lying in wait in the public parking lot for the Middletown courthouse, shot and killed the plaintiff's decedent. He also shot and severely wounded the decedent's attorney, Julie Porzio. Michael Bochicchio then fatally shot himself.

---

[3] We note that after the events underlying this appeal, Judge Quinn was appointed as the chief court administrator. The present claims against her do not pertain to or involve her responsibilities and duties as the chief court administrator. See General Statutes §§ 51-1b (b) and 51-5a.

Pursuant to General Statutes § 4-147, the plaintiff filed a claim with the claims commissioner (commissioner)[4] seeking permission to sue the state of Connecticut, pursuant to General Statutes § 4-160 (a).[5] In that action, the plaintiff claimed that individual and collective failures by judicial branch employees constituted a substantial factor in the death of its decedent.[6] The plaintiff sought to depose the defendants in order to ascertain their knowledge of the management of the marshals at the Middletown courthouse, the security measures or lack thereof, the security breaches and

[4] "In implementing article eleventh, § 4, of our state constitution, the legislature has established a tribunal, the claims commissioner, for the adjudication of claims against the state where monetary relief is sought. . . . The claims commissioner is authorized to approve immediate payment of just claims not exceeding [$7500]. . . . For claims greater than that sum, the claims commissioner must recommend their payment or rejection to the general assembly. . . . The claims commissioner also, when he deems it just and equitable, may effectively waive the state's sovereign immunity by authorizing suit on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable." (Citations omitted; internal quotation marks omitted.) *Doe* v. *Heintz*, 204 Conn. 17, 35, 526 A.2d 1318 (1987).

[5] General Statutes § 4-160 (a) provides: "When the Claims Commissioner deems it just and equitable, the Claims Commissioner may authorize suit against the state on any claim which, in the opinion of the Claims Commissioner, presents an issue of law or fact under which the state, were it a private person, could be liable."

General Statutes § 4-160 (c) provides that in an action authorized by the claims commissioner pursuant to subsection (a) of § 4-160, "[t]he state waives its immunity from liability and from suit in each such action and waives all defenses which might arise from the eleemosynary or governmental nature of the activity complained of. The rights and liability of the state in each such action shall be coextensive with and shall equal the rights and liability of private persons in like circumstances."

[6] Specifically, the plaintiff alleged that the judicial branch employees "failed to notify and/or protect the [p]laintiff's decedent when [they] knew or should have known she was in danger; they failed to confiscate contraband from . . . Michael Bochicchio, namely, his handgun, which he had attempted to bring into the courthouse; they failed to arrest Michael Bochicchio when he committed the felony crime of impersonation of a police officer . . . in the presence of judicial marshals; and they failed to follow the written policies and procedures of their department."

attempted crimes committed by Michael Bochicchio and "their personal recollections as to their observations of . . . Michael Bochicchio" during the trial proceedings.

The plaintiff noted that it would refrain from asking questions regarding the thought processes of the defendants with respect to their judicial decisions and would limit questions to factual recollections and matters pertaining to the administrative function of courthouse security. The state objected and requested that the commissioner rule on whether the deposition of the defendants would proceed. Following a discussion conducted off the record, the commissioner denied the deposition request; instead, he authorized the plaintiff to pose written interrogatories to the defendants.[7] After detailing these allegations in its complaint seeking a bill of discovery, the plaintiff further claimed that written interrogatories were an inadequate remedy and that depositions of the defendants were material and necessary to a proper determination of its claims against the state.

Pursuant to Practice Book §§ 10-30 and 10-31, the defendants filed a motion to dismiss the complaint requesting a bill of discovery, arguing that it was barred by the doctrine of sovereign immunity.[8] On October 28, 2010, the court issued a memorandum of decision granting the motion to dismiss. The court concluded that sovereign immunity applied because the state would be affected in three ways if the depositions of

---

[7] In the memorandum of law in support of their motion to dismiss, the defendants indicated that the plaintiff had not submitted written interrogatories.

[8] "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) *C. R. Klewin Northeast, LLC* v. *State*, 299 Conn. 167, 175, 9 A.3d 326 (2010).

the defendants were permitted.[9] First, the court reasoned that information obtained in the depositions potentially may be used against the state in a future action. Second, the court stated that the time needed by the defendants to prepare for and to attend the depositions would "diminish their availability to fulfill their judicial duties." Third, the court stated that the plaintiff's bill of discovery "undermines the legislatively established method for determining claims against the state." The court stated that the plaintiff, apparently dissatisfied with the decision of the commissioner, had attempted to appeal that decision in the Superior Court and that this tactic is not permitted under our jurisprudence. See *Circle Lanes of Fairfield, Inc.* v. *Fay*, 195 Conn. 534, 542–43, 489 A.2d 363 (1985). For these reasons, the court concluded that sovereign immunity applied and, accordingly, granted the defendants' motion to dismiss. This appeal followed.

On appeal, the plaintiff claims that the doctrine of sovereign immunity does not apply to a bill of discovery because the only relief sought is testimony, and, therefore, the state is not affected. Specifically, the plaintiff, as it did before the trial court, relies on the statement in *Gold* v. *Rowland*, 296 Conn. 186, 215, 994 A.2d 106 (2010), that "where the state will be *unaffected* by [a judgment in favor of the plaintiff], its consent to suit and waiver of sovereign immunity seems unnecessary." (Emphasis in original; internal quotation marks omitted.) The plaintiff then argues that the court erroneously relied on the three grounds set forth in the memorandum of decision.

---

[9] The trial court noted that the plaintiff's claim was not that an exception to the doctrine of sovereign immunity applied. Instead, the plaintiff relied on language from *Gold* v. *Rowland*, 296 Conn. 186, 215, 994 A.2d 106 (2010), in which our Supreme Court indicated that if the state is unaffected by a judgment, its consent to suit and waiver of sovereign immunity is unnecessary.

The defendants counter that the court correctly determined that the state would be affected by the plaintiff's bill of discovery, and, therefore, the doctrine of sovereign immunity applies to the bill of discovery. They further contend that the plaintiff failed to exhaust its administrative remedies, and, therefore, the trial court lacked jurisdiction to consider the merits of the plaintiff's bill of discovery. We agree with the defendants' exhaustion argument and affirm the judgment of the trial court on this alternate basis.[10]

We begin by setting forth certain legal principles that inform and guide our analysis. "It is a well-established rule of the common law that a state cannot be sued without its consent. . . . A sovereign is exempt from suit, not because of any formal conception or obsolete theory, but on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends. . . . The practical and logical basis of the doctrine is today recognized to rest on this principle and on the hazard that the subjection of the state and federal governments to private litigation might constitute a serious interference with the performance of their functions and with their control over their respective instrumentalities, funds, and property. . . . We have held that a plaintiff seeking to circumvent the doctrine of sovereign immunity must show that: (1) the legislature, either expressly or by force of a necessary implication, statutorily waived the state's sovereign immunity . . . or (2) in an action for

---

[10] The defendants raise the exhaustion issue for the first time on appeal and have failed to file a preliminary statement of the issues in accordance with Practice Book § 63-4. The issue, nonetheless, may be reviewed because it implicates the trial court's subject matter jurisdiction and, as a result, may be raised at any time. See *Concerned Citizens of Sterling* v. *Sterling*, 204 Conn. 551, 556–57, 529 A.2d 666 (1987). Additionally, we note that "[w]e may affirm the court's judgment on a dispositive alternate ground for which there is support in the trial court record." (Internal quotation marks omitted.) *Bahjat* v. *Dadi*, 123 Conn. App. 10, 15 n.2, 1 A.3d 212 (2010).

declaratory or injunctive relief, the state officer or officers against whom such relief is sought acted in excess of statutory authority, or pursuant to an unconstitutional statute." (Citation omitted; internal quotation marks omitted.) *Lyon* v. *Jones*, 291 Conn. 384, 396–97, 968 A.2d 416 (2009); see *Kelly* v. *University of Connecticut Health Center*, 290 Conn. 245, 252, 963 A.2d 1 (2009) (noting that state cannot be sued without its consent); see also *Martinez* v. *Dept. of Public Safety*, 263 Conn. 74, 78–80, 818 A.2d 758 (2003). In the present case, the plaintiff's argument is not that sovereign immunity has been waived or that the defendants have acted in excess of statutory authority or pursuant to an unconstitutional statute but, rather, that taking depositions of the defendants will not affect the state, and, therefore, the doctrine does not apply. See *Gold* v. *Rowland*, supra, 296 Conn. 215.

Underlying the action in the present case, the plaintiff had filed a claim with the commissioner seeking permission to sue the state. "The legislature has provided for a claims commissioner who may, when he deems it just and equitable, authorize suit against the state. See General Statutes § 4-142." *Ayantola* v. *Board of Trustees of Technical Colleges*, 116 Conn. App. 531, 534, 976 A.2d 784 (2009). Our Supreme Court has described the commissioner as "the gatekeeper through which [actions] against the state must pass." (Internal quotation marks omitted.) *Lyon* v. *Jones*, supra, 291 Conn. 401; see *DaimlerChrysler Corp.* v. *Law*, 284 Conn. 701, 723, 937 A.2d 675 (2007). "The claims commissioner has discretionary authority to pay or reject claims, to make recommendations to the legislature with regard to claims, and to authorize suit against the state." *Martinez* v. *Dept. of Public Safety*, supra, 263 Conn. 84; see General Statutes § 4-160 (a).

This appeal presents two substantive issues. The first is whether the doctrine of sovereign immunity applies

in the present case. Intertwined with that issue is whether the plaintiff's bill of discovery, an independent action commenced in the Superior Court, constitutes an impermissible collateral attack on the commissioner.[11] We need not reach these issues, however, because the plaintiff has failed to exhaust its remedies before the commissioner.[12]

"As a general matter, the doctrine of exhaustion of remedies fosters an orderly process of administrative adjudication and judicial review, offering a reviewing court the benefit of the agency's findings and conclusions. It relieves courts of the burden of prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review." *Owner-Operators Independent Drivers Assn. of America* v. *State*, 209 Conn. 679, 691–92, 553 A.2d 1104 (1989). Put another way, "[i]t is a cardinal principle of judicial review that when an adequate administrative remedy is provided by law, it should be exhausted." (Internal quotation marks omitted.) *Doe* v. *Heintz*, 204 Conn. 17, 34, 526 A.2d 1318 (1987).

"Under our exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction

---

[11] We note, as a general matter, that "[t]he Superior Court lacks jurisdiction to hear appeals from the decisions of the commissioner. [T]he trial court does not have jurisdiction over an administrative appeal from the claims commissioner's discretionary denial of authorization to bring an action against the state because [t]he commissioner of claims performs a legislative function directly reviewable only by the General Assembly. . . . *D'Eramo* v. *Smith*, 273 Conn. 610, 618, 872 A.2d 408 (2005)." (Internal quotation marks omitted.) *Perrone* v. *State*, 122 Conn. App. 391, 398, 998 A.2d 256 (2010).

[12] See *Doe* v. *Heintz*, 204 Conn. 17, 37, 526 A.2d 1318 (1987) (directing trial court to dismiss plaintiff's claim against state for attorney's fees because plaintiff did not exhaust administrative remedies by failing to first present claim to claims commissioner); *Barde* v. *Board of Trustees*, 207 Conn 59, 60–61, 539 A.2d 1000 (1988) (trial court properly dismissed monetary claim against state for plaintiff's failure to exhaust administrative remedies before claims commissioner).

over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. . . . In the absence of exhaustion of that remedy, the action must be dismissed." (Internal quotation marks omitted.) *Caltabiano* v. *L & L Real Estate Holdings II, LLC*, 122 Conn. App. 751, 758, 998 A.2d 1256 (2010); see *Barde* v. *Board of Trustees*, 207 Conn. 59, 66, 539 A.2d 1000 (1988) (trial court properly concluded it lacked jurisdiction where party failed to present matter to claims commissioner).

In the present case, the proceedings before the commissioner have not yet run their course. In other words, the commissioner has not made a final determination on the discovery process, nor the ultimate determination of whether the plaintiff may sue the state. The commissioner approved the use of written interrogatories to ascertain the knowledge of the defendants with respect to the security measures at the Middletown courthouse. It is possible that the responses to these written interrogatories may provide the plaintiff with all the information it needs to present its case to the commissioner. Additionally, in the event that the plaintiff believes it requires additional information from the defendants, it would then have the opportunity to raise the matter before the commissioner at that time and demonstrate precisely why the written responses amounted to an inadequate response. We note that the plaintiff has argued that written interrogatories are not an adequate substitution for a direct examination. While this may be true in some instances, the plaintiff has failed to demonstrate why, under the facts and circumstances of *this case,* written interrogatories amount to an inadequate discovery process. Simply put, the discovery process before the commissioner remains an ongoing process. Finally, we are mindful that the commissioner performs a legislative function. See *D'Eramo* v. *Smith,*

273 Conn. 610, 618, 872 A.2d 408 (2005); *Perrone* v. *State*, 122 Conn. App. 391, 398, 998 A.2d 256 (2010). A premature ruling from a court could usurp the legislative function of the commissioner and lead to an unnecessary conflict between the two branches of government.

Additionally, we note that if the plaintiff remains dissatisfied with the ultimate decision by the commissioner, the statutory scheme provides a procedure of review by the legislature.[13] Specifically, General Statutes § 4-158 (b) provides in relevant part: "Any person who has filed a claim for more than seven thousand five hundred dollars may request the General Assembly to review a decision of the Claims Commissioner (1) ordering the denial or dismissal of the claim pursuant to subdivision (1) of subsection (a) of this section, including denying or dismissing a claim that requests permission to sue the state . . . ." We note that this opportunity for a direct appeal to the legislature remains a separation of powers concern; that is, an encroachment by the courts on the prerogative of a coequal branch of government. For all these reasons, we conclude that the plaintiff has failed to exhaust the remedies provided by the statutory framework associated with the commissioner, and, therefore, the trial court lacked jurisdiction to consider the merits of the action for a bill of discovery.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[13] See General Statutes § 4-158 (a).